[No. 4541.]

## J. B.. HAGGIN AND THEODORE LE ROY v. W. S. CLARK.

FINDINGS IN ACTION FOR MESNE PROFITS.—If the court, in an action for mesne
profits, finds the value of the rents, issues, and profits of the land during
a certain period, it may be assumed that the finding is equivalent to a
finding of the amount of damages sustained.

DAMAGES IN ACTION FOR MESNE PROFITS.—In actions for mesne profits, the
Court will not interfere if, in cases where the plaintiff is entitled to
recover more than the rental value of the land, the jury find, as dam-
ages, a gross sum made up of the value of the rents and interest; but
the Court cannot, as a matter of law, add interest to the amount of dam-
ages found by the jury or by the court.

SETTING OFF VALUE OF IMPROVEMENTS AGAINST MESNE PROFITS.—In an action
for mesne profits, the value of the improvements placed on the land
by the defendant before the plaintiff acquired title, cannot be set off
against damages by way of mesne profits which accrued subsequent to
the conveyance to the plaintiffs.

APPEAL from the District Court, Fifteenth Judicial Dis-
trict, City and County of San Francisco.

The defendant, on the 19th day of April, 1849, went into
possession of a lot at the northwest corner of Broadway
and Battery streets, city and county of San Francisco.
Prior to 1858, he had erected a brick building on the lot,
of the value of eight thousand dollars. Jacob P. Leese
and M. G. Vallejo derived title to the lot by a patent from
the United States, dated March 2, 1858. On the 6th day
of August, 1858, said Leese commenced an action of eject-
ment against Clark, to recover possession of his interest in
the lot, alleging ouster on the 29th day of November, 1847.
Le Roy was substituted as plaintiff, and on the 2d day of
May, 1864, he recovered judgment for the possession of
four undivided sixteenths of the lot.. On the 29th day of
February, 1860, the plaintiff, J. B. Haggin, and others,
brought an action to recover possession of their interest in
the lot, alleging ouster on the 4th day of March, 1858. Said
Le Roy was substituted in place of the other parties, and
he and Haggin, on the 22d day of March, 1865, recovered
possession according to their interests; that is to say, Hag-
gin of four undivided sixteenths, and Le Roy of eight

undivided sixteenths.   These two judgments were for the
entire lot.   On the 29th day of November, 1862, the
plaintiff Le Roy, through mesne conveyances, became the
assignee of the back rents and profits which had accrued
prior to March 4, 1858.   On the 18th day of July, 1866, Le
Roy was put into possession, under the judgment, of the in-
terest recovered by him, and on the 20th day of November,
1866, both the plaintiffs were placed in possession of the
interests recovered by them.   On the 3d day of February,
1868, the plaintiffs commenced this action to recover dam-
ages for mesne profits, etc.   They alleged in the complaint
that, on the 11th day of February, 1861, the defendant
Clark, to embarrass them in their suits, made a pretended
conveyance of the lot to his brother, and that the brother
pretended to be an innocent purchaser; and that, by means
of the conveyance, they were hindered and delayed in their
suits, so that they did not get possession until 1866, by means
of which they lost the rents, issues and profits, which were
worth eight thousand dollars per year, and were forced to
lay out and expend large sums of money in counsel fees,
etc.   They asked judgment for fifty thousand dollars.   The
court found that the rents and profits for the five years
prior to the 3d day of December, 1866, were three hundred
dollars per month in legal tender notes, one-half of which
for three years, or the sum of five thousand four hundred
dollars, was recoverable in this action.   The findings were
filed on the 11th day of September, 1874.   The court held,
as a conclusion of law, that the plaintiff was entitled to
judgment for said sum of five thousand four hundred dol-
lars, and interest on each month's rent, at ten per cent. per
year, from the time it accrued until July 10, 1874, making
twelve thousand and eight dollars interest.   The plaintiff
had judgment.

The defendant claimed the right to set off the value of the
improvements against the rents and profits, but this the
court denied.

E. D. Sawyer and John Curry, for the Appellant.

The action was for damages—an unliquidated amount.

When the amount was ascertained by the verdict, it was liquidated; and when the District Court increased that verdict or finding by adding interest, it committed error. Interest is only allowed upon contracts.

In *Brady* v. *Wilcoxson* (44 Cal. 245), which was an action for damages on contract, this Court held: "The plaintiffs are not entitled to interest. Their claim was an uncertain and unliquidated demand. The amount due cannot be ascertained from the face of the contract, but is to be settled by process of law. On such demands interest, *eo nomine*, cannot be allowed."

In an action for mesne profits, the plaintiff, as a general rule, recovers the annual value of the use and occupation of the land from the time of the accruing of his title; or from the time his title accrued as laid in the declaration in the action of ejectment, if he relies on the record in that suit to establish his recovery. (Sedgwick on Dam., 5th ed., p. 133.)

There are exceptions to this rule according to the circumstances of each case. Where waste or malice enters into the acts of defendant, the recovery is not limited to the annual value of the land. As a general rule, however, it may be said that the actual annual value of the property, together with the cost of the ejectment suit, will furnish the measure of damages.

In *Gill* v. *Cole* (1 Harris & Johnson's Md. R. 404), Chase, C. J., held: "The court are of the opinion that in an action for the mesne profits, the plaintiff recovers damages for the use and occupation of the land."

*M. G. Cobb,* for the Respondents.

It was not error to allow interest, or to allow it on each month's rent as it accrued.

"There are two classes of cases," say the Supreme Court of New Hampshire, "in which interest may be recovered. The first is, where it is incident to the debt founded on the agreement of the parties, and is a legal claim, and the courts are bound to allow it. The other class is where the interest

may be allowed by a jury in the nature of damages." (*Mc-Ilvaine* v. *Wilkins,* 12 N. H. 475.)

This is generally so in actions of tort. In *Beals* v. *Guernsey* (8 John. 452), an action of trespass to recover the value of seventy-three barrels of whisky which had been taken by the defendant as sheriff, etc., the court say: "The plaintiff ought not to be deprived of his property for years without compensation for the loss of the use of it; and the jury had a discretion to allow interest in this case as damages. It has been allowed in actions of trover, and the same rule applies in trespass when brought for the recovery of property."

In *Andrews* v. *Durant* (18 N. Y. 502), an action of trover to recover the value of a barge, the Court of Appeals say: "Interest on the value at the time of the conversion was properly directed to be allowed. It is as necessary a part of complete indemnity as the value itself." (*Dana* v. *Fiedler,* 2 Kern. 40; *Walrath* v. *Redfield,* 18 N. Y. 457; *Richmond* v. *Bronson,* 5 Denio, 55; *Hyde* v. *Stone,* 7 Wend. 354; *Pujol* v. *McKinley,* 42 Cal. 559; *N. O. Draining Co.* v. *De Lazardi,* 2 La. Ann. 281; *Clark* v. *Whitaker,* 19 Conn. 320; *Gordon* v. *Jenning,* 16 Mass. 465; *Graver* v. *Sittig,* 5 Wis. 219.)

By the COURT:

This is an action in the nature of an action of trespass for mesne profits. There is no express finding in the transcript of the amount of damages sustained by the plaintiff. There is a finding of the value of the rents, issues and profits of the land during a certain period, and, since as a general rule, the plaintiff in this form of action may recover the rental value of the land (with costs of the ejectment suit), it may be assumed that the finding is equivalent to a finding of the amount of damages sustained. There are cases in which the plaintiff may recover more than the rental value, and in which a verdict for extra damages will not be set aside. (Sedgwick on Dam. 124 *et pass.*) In a case of that kind, as where there is evidence of malice, and perhaps under some other circumstances, the Court will not interfere, although the jury may have found damages in a gross

sum, made up of the value of the rents and interest. But the amount of damages sustained must be found as a *fact.* There is no rule which authorizes the Court, *as a matter of law,* to add interest to the amount of damages fixed in the verdict or finding. In the present case the court below found, as *conclusion of law,* that the plaintiff should have judgment for twelve thousand and eight dollars, more than the sum (five thousand four hundred dollars), found as *fact* to be the value of the rents, issues and profits. This was error.

The value of the improvements placed on the land by defendant could not properly be considered as a set-off against damages by way of mesne profits which accrued subsequent to the conveyance to the plaintiffs. (*Bay* v. *Pope,* 18 Cal. 694.)

Judgment reversed and cause remanded, and the court below is directed to enter judgment in favor of the plaintiff for the sum of five thousand four hundred dollars.