52  345
139  8.

[No. 5537.]

FREEMAN B. SMITH, ADMINISTRATOR OF THE ESTATE OF SAMUEL B. CROSBY, DECEASED, *v.* EDWARD P. REED.

EXECUTION AFTER DEATH OF JUDGMENT-DEBTOR.—An execution issued in 1861 against the property of the estate of a deceased person, upon a money judgment recovered against the deceased during his lifetime, was void, and a sale of real estate made under it was also void.

SATISFACTION OF JUDGMENT BY SALE UNDER VOID EXECUTION.—A return of satisfaction by a sale of property made by a sheriff on a void execution is not a real but only an apparent satisfaction of the judgment, and should be set aside as void.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

On the 23rd day of March, 1858, Elliott Reed recovered a judgment against Samuel J. Crosby for the sum of two thousand five hundred and eighty-seven dollars and fifty cents, bearing interest at two and one-half per cent. per month, in the District Court of the Third Judicial District, County of Santa Clara. On the 29th of March, 1859, Crosby died, intestate, owning the undivided one-third of a tract of land in San Diego

County, known as the Cuyamaca Rancho, containing thirty-five thousand five hundred and one and thirty-two one-hundredths acres. On the 29th day of June, 1859, letters of administration were issued to the defendant, who was the brother of Elliott Reed, and he continued to act as administrator until the 31st day of July, 1860, when he resigned, and, on the 11th day of August, 1870, he rendered his final account, and the same was settled, and he was discharged by the Court. On the 27th day of February, 1861, an order was made by the Probate Court of the County of Santa Clara, granting permission to said judgment-creditor to have one or more executions against the estate of Crosby, upon application to the Clerk, notwithstanding the death of Crosby; and under said order an execution was issued, on the 21st day of March, 1861, to the Sheriff of San Diego County. The Sheriff, by virtue of the execution, levied on the undivided one-third of said rancho, and sold the same to said Edward P. Reed for the full amount of the judgment and costs, and returned the execution satisfied. When the period for redemption expired, the Sheriff executed to Reed a deed. Reed, when he purchased the land, was the owner of the judgment, and therefore paid no money to the Sheriff except the costs of sale. The judgment had been allowed by the administrator as a claim against the estate. May 8th, 1866, Tyler Beach became the administrator of the estate, and he resigned in 1870; and in 1876 the plaintiff here became the administrator. Reed claimed that the execution was lawfully issued, and that the sale was valid; but the plaintiff claimed that the execution was void, and that the title to the land was still vested in the estate. The parties agreed upon the facts, and submitted the controversy to the Court, asking the Court to decide the following questions:

1. Was the execution mentioned in the foregoing case lawfully issued? If not, was the same void, or only voidable?

2. Was the sale under said execution valid?

3. Did any title whatever pass to the purchaser at the sale under said execution, or by the Sheriff's deed?

4. Did said levy and sale, and return of the Sheriff on said execution, operate as a satisfaction of said judgment to any extent?

The Court held that the execution was void, and that the sale under it was invalid, and that no title passed by the sale to the purchaser; but that the levy and sale operated as a *prima facie* satisfaction of the judgment, and that upon the agreed case the judgment was satisfied and discharged. The defendant appealed. The case of *Hartman* v. *Reed,* 50 Cal. 485, throws some light upon the title of Crosby to the land.

*Houghton & Reynolds,* for the Appellant.

Assuming that the execution was void, we submit that a sale which is utterly void, made upon a void execution, cannot operate as a satisfaction of the judgment. It is void, and accomplishes nothing. (*Field* v. *Paulding,* 3 Abb. Pr. 139.)

The title does not fail by reason of any irregularity in the sale, but because the Sheriff had in fact no execution. And sec. 708 of the Code is not applicable to such a case.

*James H. Birch, Jr.,* and *Bodley & Campbell,* for the Respondent.

As Reed was the judgment-creditor, had the execution levied and the land sold, all under his own direction and supervision, and was personally present and bought the property, with a full and complete knowledge of all the facts, he could not (even if done within a reasonable time) invoke a Court of Equity to relieve him from a mere mistake of law, especially as there was a plain remedy under the statute. He must, therefore, stand by his own act in the premises, uninfluenced as they were, so far as other parties are concerned, by fraud, misrepresentation, or ignorance.

The doctrine *caveat emptor* fully applies to this case. (*Boggs* v. *Hargrave,* 16 Cal.; Herman on Executions, p. 361, sec. 214.) If, therefore, he had any right to relief in the premises it was purely statutory.

Freeman on Judgments, p. 398, sec. 478, declares "that a sale, until set aside, is a satisfaction," and that "the purchaser must pursue the remedy given by the statute."

Herman on Executions, p. 461, sec. 282, says: "The officer's

return to an execution of the levy and sale is conclusive of satisfaction to the extent of the amount realized, though the purchaser's title should prove defective "; and section 284 says, " where the statute gives relief, the failure of title must first be judicially ascertained in a suit brought for that purpose."

The current of authorities on this subject is unbroken; and, until this record of satisfaction is set aside by direct proceeding, it must stand with the same force and effect as any other record of the Court.

By the COURT:

We see no reason to question the correctness of the judgment in determining that the execution issued upon the judgment in favor of Elliott Reed and against Samuel J. Crosby was void, and that the sale made under the execution was also void. The owner of the judgment became the purchaser under that execution, and his bid—which was the full amount of the judgment—was credited upon the execution. The return upon the execution was an apparent satisfaction of the judgment, but it was not a satisfaction in fact, because the execution and sale were void, and the owner of the judgment acquired nothing by virtue of the attempted sale under the execution. Not only the execution and sale, but also the apparent satisfaction of the judgment, ought to be set aside as void.

Cause remanded, with directions to modify the judgment in accordance with this opinion. Remittitur forthwith.

WALLACE, C. J., being disqualified, did not sit in this case.