[No. 15684. Department One.—June 27, 1895.]

JOHN MALONE, RESPONDENT, v. GEORGE G. ROY, APPELLANT.

MORTGAGE—DEED WITH DEFEASANCE—ALLOWANCE OF INTEREST.—Where a mortgage is given by a deed with a defeasance, to secure the payment of a certain sum of money due at a specified time, which sum is the amount of a sum of money loaned with interest thereon for one year at fifteen per cent, without any agreement as to a rate of interest beyond the date at which the money is to become due, only the statutory rate of seven per cent per annum can be recovered after the date of maturity of the obligation secured.

ID.—ESTOPPEL OF MORTGAGOR—INTEREST INCLUDED IN AMOUNT STATED IN DEFEASANCE—ABSENCE OF WRITTEN PROMISE.—The mortgagor cannot claim that the deed and defeasance constitutes a mortgage, and at the same time deny that it fixes the amount to be paid at the maturity of the obligation, or object that more than seven per cent per annum on the money loaned was ‛included in the amount secured, without any written promise on the part of the mortgagor to pay any rate of interest.

ID.—IMPROVEMENTS BY MORTGAGEE—WRONGFUL POSSESSION.—Where the mortgagee wrongfully takes possession of the premises mortgaged, without the consent of the mortgagor, and makes improvements thereon, which are not made with the consent or approbation of the mortgagor, no allowance can be made for such improvements.

ID.—CONFLICTING CLAIMS OF OWNERSHIP—ACTION TO QUIET TITLE.—The fact that the mortgagee holding under the deed claimed title to the mortgaged property, and brought an action to quiet title, does not aid him as to money expended for improvements, where he was informed by the proceedings in the action that the mortgagor denied his ownership, and insisted that the deed was given as security only, and any money expended for repairs and improvements as though he were owner, in the face of the appeal of the mortgagor from a judgment quieting title in favor of the mortgagee, cannot be allowed to him after a reversal of the judgment in a subsequent action to foreclose the mortgage.

ID.—RIGHTS OF MORTGAGEE IN POSSESSION—REPAIRS AND IMPROVEMENTS. To constitute a mortgagee in possession who can be allowed for repairs and improvements, the mortgagee must be in possession by reason of the agreement or assent of the mortgagor.

APPEAL from a judgment of the Superior Court of Del Norte County and from an order denying a new trial.

The facts are stated in the opinion.

A. J. Bledsoe, for Appellant.

The legal title and right to possession was in the

appellant. (*Malone* v. *Roy*, 94 Cal. 341.) A mortgagee wrongfully in possession claiming adverse to the mortgagor is not entitled to compensation for improvements or repairs. (*Mahoney* v. *Bostwick*, 96 Cal. 56; 31 Am. St. Rep. 175.) The mortgagee cannot increase the burden upon the mortgagor by money paid for improvements without the consent and approbation of the mortgagor. (*Harper's Appeal*, 64 Pa. St. 315; *Russell* v. *Blake*, 2 Pick. 505; *Raynor* v. *Drew*, 72 Cal. 307; Pomeroy's Equity Jurisprudence, sec. 1217; *Clark* v. *Smith*, 1 N. J. Eq. 121; *Bell* v. *Mayor of New York*, 10 Paige, 49; *Quin* v. *Brittain*, Hoff. Ch. 353, 354; *Moore* v. *Cable*, 1 Johns. Ch. 385; *Mickles* v. *Dillaye*, 17 N. Y. 80; *Wetmore* v. *Roberts*, 10 How. Pr. 51; *Benedict* v. *Gilman*, 4 Paige, 58; *Ruby* v. *Abyssinian Soc.*, 15 Me. 306; *Reed* v. *Reed*, 10 Pick. 398; *Hidden* v. *Jordan*, 28 Cal. 301, 397; 2 Jones on Mortgages, 3d ed., secs. 1126, 1127.) To constitute a mortgagee in lawful possession he must be in possession by the assent of the mortgagor. (*Rogers* v. *Benton*, 39 Minn. 39; 12 Am. St. Rep. 613; *Mahoney* v. *Bostwick, supra; Booth* v. *Baltimore Steam Packet Co.*, 63 Md. 39.)

*R. W. Miller*, for Respondent.

A grantee in possession, who has good reason to consider himself the owner, is entitled to allowance for improvements. (Jones on Mortgages, secs. 1117, 1123.)

HAYNES, C.—This action was brought by Malone against Roy to foreclose a mortgage. The plaintiff had judgment, and defendant appealed therefrom and from an order denying a new trial.

On January 4, 1888, the defendant was the owner of 360 acres of land, under a contract of purchase, upon which he owed $6,550, and on that day he obtained that sum from the plaintiff, applied it to the payment of the balance due upon the land, obtained a conveyance to himself, and, to secure the plaintiff for the moneys so obtained, executed to the plaintiff a deed, absolute in form, for the expressed consideration of $7,532.50, and

the plaintiff at the same time executed and delivered to the defendant his agreement to reconvey the premises to the defendant upon payment of said sum of $7,532.50 on January 4, 1889.

In March or April, 1889, Malone, claiming said deed to be an absolute conveyance and not a mortgage, brought an action against Roy to quiet his title to said land, and on appeal this court held that the transaction constituted a mortgage. (*Malone* v. *Roy*, 94 Cal. 341.) Malone thereupon brought this action to foreclose said mortgage.

Nearly all the findings are attacked, and numerous errors of law occurring on the trial are specified. The case involves two principal questions, which are covered by the specifications, and the findings affecting these questions are in substance as follows: That the sum secured by the mortgage is $6,550, and interest thereon from January 4, 1888, at the rate of 15 per centum per annum; that Malone entered into possession of said premises under the deed from Roy, with his consent, on or about January 4, 1888, with the understanding that, if Roy should fail to purchase the property within the time limited in the paper executed by Malone, his title would become indefeasible; that Malone, being in possession, in good faith, after January 4, 1889, made valuable repairs and improvements to the amount of $2,232.

1. The court erred in its allowance of interest. The deed and defeasance constituted a mortgage to secure the payment of $7,532.50, due January 4, 1889. That sum was made up of $6,550, the money loaned, and interest thereon for one year at 15 per cent. But there was no agreement as to the rate of interest beyond the date at which the money became due, and therefore the statutory rate of 7 per centum per annum is all that can be recovered after that date. If Malone had lent the same amount and taken Roy's note for $7,532.50, payable one year after date, without interest, thus including the interest at the rate of 15 per cent, and made no provision as to the rate after maturity, no one would

contend that more than 7 per centum per annum could be collected after maturity. Appellant insists, however, that Roy did not promise in writing to pay any rate of interest, and therefore the principal sum upon which to compute interest is the $6,550 loaned, and that interest at the rate of 7 per cent is chargeable from the date of the loan upon that sum, and not upon the amount stated in the defeasance. But the defendant could not well insist that the instrument he received from Malone was effective to convert the deed into a mortgage, and then deny that it fixed the amount to be paid on January 4, 1889, to satisfy the mortgage.

2. As to the allowance made to the plaintiff for repairs and improvements, the findings do not show the amount expended for each separately.

Respondent concedes that, if his possession were wrongful, he would not be entitled to be reimbursed for improvements, but relies upon the finding of the court, that he was put in possession by appellant, to sustain his claim that he was rightfully in possession.

The facts upon which that finding seems to be based were that, prior to the transactions here involved, the defendant used the land in question as a dairy farm, having thereon about 70 cows and other personal property, and was indebted to the plaintiff in the sum of about $2,000, and to secure that indebtedness had given the plaintiff a bill of sale or pledge of the cows and other personal property, and by an arrangement between plaintiff and defendant, and for the better security of the plaintiff as to the pledged property, the ranch, cows, and other personal property so pledged, were leased to one Giacomini, the lease being executed by the plaintiff, and the rent being paid to him and credited to defendant upon said prior indebtedness. The lease was made January 20, 1888, and expired November 1st the same year. A subsequent arrangement was made by which the tenant remained until March 4, 1889. In February, 1889, the plaintiff took possession by one of his sons without the consent of defendant, who went

upon the ranch March 4th for the purpose of taking possession, but his goods were removed from the house by plaintiff, and a proceeding was commenced against him for forcible detainer. Plaintiff then commenced an action against the defendant to quiet title, and in the lower court obtained judgment, and the defendant appealed to this court, and the judgment was reversed as already stated. It is clear from the testimony that whatever possession the plaintiff had was in connection with the lease for the better security of the plaintiff as to another and wholly distinct liability from that here in question, and which was fully satisfied by the rent paid by Giacomini and a sale of some of the cows under the pledge, and that no possession was at any time given under the mortgage. The entry of defendant as soon as the tenant vacated the premises, his answer to the action brought to quiet title that the deed was given as security, and was in fact a mortgage, and his successful appeal to this court in that case, negatives any consent on his part to the possession of the premises by the plaintiff. In this action, brought to foreclose a mortgage, the plaintiff is estopped from saying that the mortgage he seeks to foreclose gave him any right to the possession, and, as he was not in possession under the deed by the consent of the plaintiff, his possession was without right, and therefore wrongful.

It is said, on behalf of respondent, that he made no improvements until after he obtained judgment in the superior court quieting his title. But that does not aid him. He was informed by the proceedings in that case that the defendant denied his ownership and insisted that the deed was given as security only, and, if he proceeded to make improvements as though he were owner, in the face of defendant's appeal, he can only reflect upon his own rashness. That defendant saw him make these improvements does not estop him from contesting his liability for them, as by his refusal to acquiesce in the judgment against him, and by his appeal therefrom, he constantly denied the right of possession and owner-

ship of the plaintiff, and is unaffected by the erroneous judgment against him. " The ordinary rule in respect to improvements is that the mortgagee will not be allowed for them further than is proper to keep the premises in necessary repair. Unreasonable improvements may be of benefit to the estate; but, unless made with the consent and approbation of the mortgagor, no allowance can be made for them. The mortgagee has no right to impose them upon the owner, and thereby increase the burden of redeeming." (Jones on Mortgages, 5th ed., sec. 1127.) The case of *Mahoney* v *Bostwick*, 96 Cal. 53, 31 Am. St. Rep. 175, is directly in point. That was a case where a deed was given as security and the grantee ousted the grantor and held possession. The court said: "The court did not err in refusing to credit defendant with the value of the checks, ditching, and fencing placed by him upon the premises while he was wrongfully in possession and holding adversely to the plaintiff."

At common law a mortgage conveyed the fee, subject to be defeated by the performance of the conditions expressed in it; but, if the conditions were not performed, the mortgagee had a right of entry, and, when he entered for "conditions broken," his entry and possession were lawful, and the general doctrine in regard to the rights of a mortgagee in possession grew up under that system. But, under our statute, as well as that of many other states, a mortgage does not convey the title, but makes it a mere chattel—a lien; the fee and right of possession remaining in the mortgagor, both before and after condition broken. As was said by the supreme court of Minnesota: "The only logical rule is that, to constitute 'a mortgagee in possession,' the mortgagee must be in possession by reason of the agreement or assent of the mortgagor or his assigns, that he have the possession under the mortgage, and because of it." (*Rogers* v. *Benton*, 39 Minn. 39; 12 Am. St. Rep. 613.) Or, as was said by the supreme court of Michigan, by Campbell, J: "If the mortgagee in

possession can insist on retaining it, his right must depend on his contract, and, as already suggested, should be capable of enforcement. There can be no interest in lands which cannot be enforced somewhere." (*Newton* v. *McKay*, 30 Mich. 380, 383.)

As the plaintiff was not in possession as mortgagee, he cannot be allowed either for repairs or improvements; for, if he were not in as mortgagee, he must have been in either as tenant or disseisor. If in as tenant, he could only make repairs after notice to the owner and the failure of the owner to make them; and there is no claim made on that ground. (*Raynor* v. *Drew*, 72 Cal. 307–12.)

The judgment and order appealed from should be reversed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.