[Sac. No. 49.   Department One.—December 31, 1895.]

## WILLIAM CONLAN, RESPONDENT, *v.* JOHN SULLIVAN ET AL., APPELLANTS.

CONVEYANCE OF LAND—MISTAKE OF VENDOR—FRAUD OF VENDEES—RESCISSION.—Where the vendor of a lot, by mistake of fact, believing that it was mortgaged for $500, whereas such mortgage was only upon another lot, offered to sell it for $200 in cash, and the balance of $500 to be paid upon the mortgage, and the vendees, upon inquiry, learning that the mortgage did not include the lot offered to be sold, and with intent to defraud the vendor of $500, paid the purchase price of $200 cash, and received the conveyance of the land, and, upon discovery of the mistake by the vendor, and a demand by him that the $500 be paid to him or to his mortgagee, in satisfaction of the mortgage, upon the other lot, the vendees refused to make such payment, whereupon the vendor tendered back the money, with interest, and demanded a reconveyance, which tender and demand were also refused, the vendor is entitled to. have the contract set aside in a court of equity, and the property reconveyed.

ID.—EXPENDITURE OF MONEY BY VENDEES—INCREASE OF VALUE—FIND-
INGS—PLEADING.—Where the court finds that the vendees expended
money upon the property purchased, but made no finding as to the
increased value of the property by reason of the expenditure, and there
is no allegation in the answer that such expenditure had increased the
value of the realty, the vendees are not entitled to a reimbursement
of the amount expended.

APPEAL from a judgment of the Superior Court of
Butte County.　J. C. GRAY, Judge.

The facts are stated in the opinion of the court.

*Rearden & White,* for Appellants.

The mere failure of consideration will not entitle the
vendor to rescind the contract and recover back the
land.　(*Lawrence* v. *Gayetty,* 78 Cal. 134; 12 Am. St.
Rep. 29.)　The facts alleged are not sufficient to entitle
the plaintiff to the relief demanded, because of inade-
quacy of consideration.　(*Nicholson* v. *Tarpey,* 70 Cal.
609.)　The facts stated do not entitle the plaintiff to
relief upon the ground of mistake.　Such a mistake
must not be caused by the neglect of a legal duty on the
part of the person making it.　(Civ. Code, sec. 1577;
1 Story's Equity Jurisprudence, sec. 195.)　Having
readily accessible means of acquiring knowledge of a
fact, which might be ascertained by inquiry, is equiv-
alent to notice and knowledge of it.　(*Montgomery* v.
*Keppel,* 75 Cal. 131; 7 Am. St. Rep. 125; *Board of
Commrs.* v. *Younger,* 29 Cal. 176; *Champion* v. *Woods,*
79 Cal. 20; 12 Am. St. Rep. 126.)　In order to entitle a
party to rescind for fraud, he must show that some
damage has resulted to him therefrom.　(*Bailey* v. *Fox,*
78 Cal. 398.)　One who rescinds must place the other
party *in statu quo.*　(*Collins* v. *Townsend,* 58 Cal. 608.)

*John M. McGee,* and *John Gale,* for Respondent.

The making of a promise without any intention at
the time of performing it is of itself a fraud.　(*Law-
rence* v. *Gayetty,* 78 Cal. 126; 12 Am. St. Rep. 29; Civ.
Code, sec. 1572; Bigelow on Fraud, 485, et seq.)　If a

CX. CAL.—40

man conceals a fact that is material to the transaction, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied, or the reverse of it is expressly stated. (Kerr on Fraud and Mistake, 94.) Plaintiff was entitled to a rescission on the ground of mistake of fact. (Civ. Code, sec. 1577.) Equity follows the law as to title to improvements. (*Billings* v. *Hall*, 7 Cal. 8, 9; *Ferris* v. *Coover*, 10 Cal. 632.)

THE COURT.—This is an action of rescission. The findings of the court were in accord with the allegations of the complaint, and judgment went for plaintiff. The appeal is from the judgment, and the merits of the case will be determined by a consideration of the sufficiency of the complaint in stating a cause of action.

It appears substantially from the complaint that plaintiff owned a lot worth $700. By reason of a mistake of fact, he fully believed that it was mortgaged for $500, when it was another and different lot that was so mortgaged. He offered to sell the lot to appellants for $700, $200 to be paid in cash, the balance, $500, to be paid on the mortgage. The appellants, through their attorney, telephoned to the recorder and learned that respondent was mistaken, and that the lot was not encumbered at all. Then they agreed to buy the lot and pay therefor $700, to be paid as above stated. They did not intend to keep this agreement, but did intend to take advantage of respondent's mistake, and to obtain the property for $200, and to defraud him of the balance of the purchase price, $500. The $200 was paid, and the transfer made. Subsequently the plaintiff ascertained his mistake, and demanded that the $500 be paid to him, or his mortgagee, in satisfaction of the mortgage upon the other lot. Defendants refused so to do. Plaintiff thereupon tendered the $200 received, with interest, and demanded a reconveyance, which tender and demand were also refused. We think the

foregoing statement of facts sufficient to justify relief by a court of equity, and that the contract should be set aside.

The court made a finding to the effect that defendants had expended $282 upon the property, but made no finding as to the increased value of the property by reason of this expenditure of money. The mere expenditure of money upon the property by defendants is not sufficient to justify a reimbursement of the amount expended. Perchance such expenditure did not add a dollar to the actual value of the realty. In addition, there is no allegation that such expenditures had increased to any degree the value of the realty.

For the foregoing reasons the judgment is affirmed.