[Sac. No. 4376. In Bank.—March 25, 1931.]

LEE MILTON CAMPBELL et al., Executors, etc., Respondents, v. J. R. NORTHROP et al., Appellants.

L. C. Smith for Appellants.

Carr & Kennedy for Respondents.

PRESTON, J.—This action was instituted on September 6, 1927, to annul a lease made by plaintiff George Dack to defendant Lillian B. Northrop on the first day of April, 1926, and to recover possession of the premises covered thereby. The plaintiff died on April 14, 1928, a short time before the trial of the action, and his executors were sub-

stituted as parties plaintiff in his stead. The word "plaintiff" as used in this opinion will refer to the original plaintiff, the decedent George Dack.

The cause of action counted upon fraud and undue influence, asserted to be of a sufficient degree and strength to warrant a rescission of the instrument. Issue was joined upon the allegations of the amended complaint and trial was had, followed by elaborate and sweeping findings of fact, followed by a judgment sustaining *in toto* the averments made, from which judgment defendants have prosecuted this appeal. No serious contention is made touching the sufficiency of the evidence to warrant a rescission upon the ground of fraud and undue influence. This fact is practically shown by the terms of the instrument itself, when read in the light of the surrounding circumstances, together with the physical and mental condition of the plaintiff. However, it is necessary, for a proper consideration of the points urged, to set forth briefly certain of the facts and circumstances.

Plaintiff at the time in question was eighty-five years of age, with a life expectancy of 2.77 years, in failing health and in an extremely weak mental condition, being childish and obsessed with an abnormal sense of his own fascinations and power over the opposite sex. He owned eighty acres of land, known as the George Dack Mountain Ranch Garage and Camp Grounds, together with a valuable water right appurtenant thereto. Previous to the time in question he had leased to one Miller the garage on said property. Miller in turn attempted to transfer this lease to the defendants, who in the year 1925 took possession of said garage. From this period until after the instrument in question was executed plaintiff boarded with the defendant Lillian Northrop. The evidence is plain that during all this time said defendant set on foot a systematic line of conduct to overreach and control the will power and action of said plaintiff. Her influence and power over him she frequently admitted. There is considerable evidence that in order to secure the lease in question she even went so far as to display her physical charms over the old man. The terms of the lease show a demise period of twenty years, with a monthly rental of six dollars, payable, however, only "during the life" of plaintiff. The court found the

monthly rental value of the property to have been, on the date of the lease, $50.

Said property is located on the state highway, between Redding and Dunsmuir, north of Gibson, Shasta County. It was used as a garage and camping ground. A survey developed the fact that part of the camp buildings mentioned in the lease were on the land of the adjoining owner, Martin, and it was necessary to move the buildings over on to the Dack property. This the defendants did. In addition they erected a cabin, from which they received $10 per month rent, a second cabin from which they received $12.50 per month rent, and a cookhouse from which they received $20 per month rent. After securing the lease defendants also went outside the boundaries of the camp grounds, but on land of the plaintiff, cleared such additional land and built cabins thereon. They also constructed a camp for the highway engineers on the same property, but outside that portion thereof covered by the lease. They also permitted a concern known as the North Beach Auto Hauling Company to build a camp on the property under an arrangement whereby the buildings would belong to the defendants when vacated.

The grounds urged for reversal, although appearing in different forms, really amount to the claim that, before granting a rescission in this case, a court of equity should have required, as a condition precedent, that plaintiff refund to defendants all outlays made by them for the above and other improvements on the property. In this respect the court found that after execution of the lease, on April 1, 1926, defendants encroached upon and occupied real property belonging to the plaintiff and adjoining that described in the lease but not embraced therein, and constructed improvements thereon; that said injury to and occupancy of such land and said construction of improvements thereon was without the consent of and against the will of plaintiff and the improvements were the result of a wrongful and unlawful trespass upon plaintiff's lands. The court then concluded with this finding: "It is true that said George Dack did not offer to reimburse defendants herein for any expenditures made and that the said George Dack and these plaintiffs did not offer to restore defendants to their former position, but in this behalf the court finds that the use

of the property of said George Dack and the withholding of the same from the owner, as hereinabove expressly found, sufficiently compensated said defendants for any payments made or detriment suffered by said defendants and that the case is not one in which an offer of restoration was necessary before bringing this action."

The basis for appellants' attack is found in the facts shown in the findings above summarized. In the first place, it is contended that the complaint is defective in that notice was not given of a rescission nor was an offer of restoration made, and, secondly, that the laches of plaintiff in bringing the action were so great that on the merits no rescission should be decreed without provision to restore defendants to their *status quo* by providing for the repayment to them of all sums spent in and about the improvement of the property and construction of the buildings in question.

■ Respondents meet the question respecting the complaint by citing the following cases: *Wilson* v. *Moriarity,* 77 Cal. 596 [20 Pac. 134]; *Whyte* v. *Rosencrantz,* 123 Cal. 634 [69 Am. St. Rep. 90, 56 Pac. 436]; *Isom* v. *Rex Crude Oil Co.,* 147 Cal. 659, 662, 663 [82 Pac. 317], from which we deduce the conclusion that where the party against whom rescission is claimed is in possession of the property involved and has thereby received the full benefit of all money expended on the property, an offer of restoration is not required to maintain an action for a cancellation of the instrument and restoration of possession of the property.

■ Coming now to the merits of the case, the court found, as above stated, that the value of the use and occupation of the premises by defendants was an offset to any outlays made by them. We are not prepared to say that the evidence does not support this finding. ■ Moreover, had the court been required to decree any relief of this nature it would only have been the amount representing the enhanced value of the land due to such improvements, and the cost thereof was not a proper criterion. (*Conlan* v. *Sullivan,* 110 Cal. 624 [42 Pac. 1081]; *Petit* v. *Flint etc. Co.,* 119 Mich. 492 [75 Am. St. Rep. 417, 78 N. W. 554]; *Fountain* v. *Semi-Tropic Co.,* 99 Cal. 677 [34 Pac. 497].) But we search in vain in the record for any evidence that

the value of plaintiff's property was to any extent enhanced by the outlays in question.

Further discussion is unnecessary. It follows from the above that the judgment of the court below should be and it is hereby affirmed.

Curtis, J., Langdon, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.