[Civ. No. 6253. Third Appellate District.—December 21, 1939.]

J. LEONARD NILSSON, Respondent, v. STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA et al., Appellants.

Earl Warren, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Appellants.

Albert E. Sheets for Respondent.

PULLEN, P. J.—Heretofore petitioner, a civil service employee, had been reinstated in the department of agriculture (*Nilsson* v. *State Personnel Board,* 25 Cal. App. (2d) 699 [78 Pac. (2d) 467]), and in accordance with the judgment therein rendered, had been paid all salary to which he was entitled. Respondents, however, refused to pay to petitioner any interest upon the unpaid back salary, and upon presenting the matter to the superior court, a peremptory writ of mandate was issued requiring and directing the payment of such interest. From that order this appeal is taken.

The sole question for consideration is, therefore, whether or not the adjudication in the *mandamus* proceeding, ordering payment to an improperly dismissed state civil service employee of salary during the period between dismissal and reinstatement, is such a judgment as will bear interest from the date of its entry under the provisions of section 22, article XX, of the state Constitution.

We are in accord with the claim of appellants that an adjudication in a *mandamus* proceeding ordering an officer to perform a duty required of him by law, is not a money judgment, and therefore is not such a judgment as will bear interest. This principle has been heretofore announced in the case of *Sheehan* v. *Board of Police Commrs.,* 188 Cal. 525 [206 Pac. 70]. In that case the petitioner, after dismissal from the police department of the city and county of San Francisco, sought by writ of mandate to compel his restoration as a disabled retired police officer. The superior court entered judgment annulling the orders dismissing petitioner and adjudging that he have and receive his accrued

and accruing pensions as such disabled and retired officer, establishing the aggregate amount of his already accrued pensions up to the time of the rendition of its decision to be $4,600, and directed a writ of mandate to issue against the said board of police commissioners, acting *ex-officio* as a board of police relief and pension fund commissioners, and ordered said board in that capacity to issue a warrant drawn upon the auditor and treasurer of said municipality for the specified amount.

From this order of the superior court appeals were taken, but the orders were affirmed. Thereafter Sheehan applied to the superior court for an order directing the clerk of that court to issue a peremptory writ of mandate directing said board of police commissioners to issue a warrant to the petitioner for the payment of legal interest on said pension, and an order was made pursuant thereto. Upon appeal (*Sheehan v. Board of Police Commrs., supra*) it was held that the adjudication in such proceeding was not such a judgment as would bear interest from the date of its entry, and that the board of police commissioners, whether acting as such commissioners or as members of the pension fund, were merely agents of the municipality for the dispensation of certain of its funds in the custody of its treasurer, and had no separate existence, and was incapable of suing or being sued except as it might be required as an official body by *mandamus* to perform its official duty.

Respondent contends that interest attaches to money judgments recovered against the state, and it was immaterial that the action was by mandate. There is, however, a clear distinction between a money judgment entered in a civil action and a judgment rendered in a special proceeding in mandate. The writ of *mandamus* is issued by a court to an inferior tribunal and is an independent proceeding "to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person". (Sec. 1085, Code Civ. Proc.) It has none of the characteristics or functions of a civil action for the collection of a debt.

Respondent attacks the value of the Sheehan case, urging that the only authority relied upon in that case on the particular question here involved was that of *Howe* v. *Southrey*, 144 Cal. 767 [78 Pac. 259], which case was, in *McPherson* v. *City of Los Angeles*, 8 Cal. (2d) 748 [68 Pac. (2d) 707], overruled. But the case of *McPherson* v. *City of Los Angeles, supra*, and also *Los Angeles Rock & Gravel Co.* v. *Los Angeles*, 132 Cal. App. 262 [22 Pac. (2d) 541], were cases in which the judgments upon which it was held interest must be paid, were not judgments rendered in special proceedings in *mandamus*, but were judgments rendered in civil actions. So, in overruling *Howe* v. *Southrey, supra*, the court, in *McPherson* v. *City of Los Angeles, supra*, merely held that in a civil action in which a money judgment had been obtained which bore interest by force of statute, a writ of mandate would lie to compel payment, and in that respect only was *Howe* v. *Southrey, supra*, overruled.

We are of the opinion that the trial court erred in directing payment of interest on the judgment heretofore rendered, and the judgment and order of the superior court must be, and is, hereby reversed.

Tuttle, J., and Thompson, J., concurred.