[Civ. No. 14511. Second Dist., Div. Three. Jan. 17, 1945.]

NADA TRUSCOTT WELLBORN, Respondent, v. CHARLES WELLBORN, Appellant.

546

Barry Sullivan for Appellant.

Lorrin Andrews and W. S. Weatherwax for Respondent.

SHINN, J.—This is an appeal by Charles Wellborn from an order quashing a writ of execution and setting aside an execution levy and sale of real property. In 1939 plaintiff herein was awarded a judgment annulling her marriage to Charles Wellborn and adjudging her to be the owner of certain residence property situated in the city of Los Angeles. The defendant was awarded a lien on the property for $1,250, with no provision in the judgment for the collection of the lien by foreclosure or otherwise. Defendant had an execution issued on the judgment and caused the property to be sold thereunder, bidding it in himself for $1,000. A motion to quash the execution and vacate the sale was denied and this order was reversed on appeal (*Wellborn* v. *Wellborn* (1942), 55 Cal.App.2d 516 [131 P.2d 48]). We refer to that case for a more complete statement of the facts. In reversing the order the court held (p. 525) that the order for issuance of the writ of execution and the sale thereunder were void and that plaintiff had a right to disregard them entirely or to attack them at any time. After the remittitur was received in the superior court plaintiff successfully renewed her motion to quash the writ and vacate the sale pursuant to the holding of the District

Court of Appeal. Notice of motion was given to defendant's attorney, who did not appear at the hearing.

■ Defendant contends that his lien was satisfied to the extent of $1,000 by the execution sale and that the order vacating the sale destroyed the lien to that extent. If the clerk had made an entry of a partial satisfaction, appellant had the right to ask that the record in the judgment book and docket be corrected. The sale was declared void by the judgment of the District Court of Appeal and that judgment is conclusive, whatever the consequences may be.

■ Another point raised by defendant is that the order denying the motion to quash the writ and vacate the sale is res judicata and that the court could not make a contrary order. In urging this point appellant ignores the judgment of reversal.

■ A third point is that the court had no authority to make the order without receiving an affidavit that defendant was not in the military service or appointing an attorney to represent him. Defendant was represented on the former appeal by the attorney who represents him on the present appeal and there is no pretense that the attorney was not authorized to represent him at the time notice was given of the renewal of the motion to vacate the sale. Furthermore, the order for execution and the sale were adjudged void by judgment of the District Court of Appeal; the later order of the superior court adjudicated nothing. Although the judgment of reversal did not direct the superior court to grant plaintiff's motion, the order quashing the writ and vacating the sale was one which the court could have made on its own motion, although the judgment of reversal was self-executing and called for no further order by the superior court.

■ The bald assertion that the order deprived defendant of some unspecified constitutional right does not deserve attention. The appeal is frivolous and without doubt was taken for the purpose of delaying a trial on the merits.

This in our opinion would be a proper case for the assessment of substantial damages for a frivolous appeal (rule 26(a) of the Rules of Court; 2 Cal.Jur. p. 977, § 577) were it not for the fact that a doubt exists whether defendant Charles Wellborn is the real party in interest. It would appear from the record in Civil No. 14485, this day decided, *ante*, p. 540, [155 P.2d 95], that Barry Sullivan, S. A. Sullivan and

D. E. McGregor have succeeded to the interest of Charles Wellborn in the real property in question. If this be the fact, it would be unjust to assess damages against Charles Wellborn. Undoubtedly plaintiff has been sorely harassed by unfounded litigation, including the appeals in this and the companion case, but we think it is not incumbent upon this court to enter into an inquiry whether the attorney concerned, throughout the litigation, has observed the requirement of section 6068c of the Business & Professional Code, which makes it the duty of an attorney ''To counsel or maintain such actions, proceedings or defenses only as appear to him legal or just, except the defense of a person charged with a public offense.''

The order is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.