[L. A. No. 19996.   In Bank.   July 13, 1948.]

BARRY SULLIVAN, Appellant, v. NADA TRUSCOTT
WELLBORN, Respondent.

Barry Sullivan, in pro. per., and Harry V. Leppek for Appellant.

W. S. Weatherwax for Respondent.

CARTER, J.—The litigation culminating in the present controversy was commenced in 1939 by an action in which defendant and cross-complainant here, Nada Truscott Wellborn, obtained a judgment annulling her marriage to Charles Wellborn, hereinafter referred to as first action. In that judgment defendant was declared to be the owner of certain real property but that Charles Wellborn "has a lien" on the property in the sum of $1,250. No personal judgment was rendered against defendant for said $1,250 and no provision was made for execution or enforcement of the lien. Thereafter, upon motion of Mr. Wellborn in that action, an order was made for the issuance of a writ of execution on said lien. The sheriff sold the property under the writ to Wellborn for $1,000 and a deed was executed to him. From the $1,000 sale price was deducted $51.75, the costs of the sale, leaving a balance of $948.25. A marginal notation on the judgment reads: "Partially satisfied by Sheriff amount collected $948.25. Attest L. E. Lampton, County Clerk, by Cora Smith, Deputy. 7/18/40." Attached to the sheriff's return of the sale under execution is a receipt reciting that there was received from the sheriff $948.25, being the amount received from the sale of the real property in the case of *Wellborn* v. *Wellborn*, after deducting costs of $51.75 and signed by Sullivan (plaintiff here) as attorney for Mr. Wellborn.

Defendant's motion to quash the execution and vacate the sale was denied. On appeal by defendant the order of denial was reversed, the court holding that execution was not available to enforce the lien and that "all the proceedings by the sheriff were . . . void." (*Wellborn* v. *Wellborn*, 55 Cal.App. 2d 516 [131 P.2d 48].) After the decision on appeal, Sullivan, plaintiff here, ultimately acquired the interest of Wellborn in the judgment lien. Pursuant to the reversal on the appeal the trial court made an order quashing the execution and declaring the sale void. On an appeal therefrom the order was affirmed. (*Wellborn* v. *Wellborn*, 67 Cal.App.2d 545 [155 P.2d 99].) Prior to the reversal of the order denying the motion to quash (*Wellborn* v. *Wellborn, supra,* 55 Cal.App. 2d 516) but after the sheriff's sale of the property to Well-

born, the latter obtained in an unlawful detainer action, a writ of possession against defendant's tenants of the property, and Wellborn and his successors in interest took possession of the property and collected the rents therefrom. After the sale had been declared void both defendant and Wellborn's successors purported to lease the property to tenants. This resulted in the commencement by Wellborn's successors of three unlawful detainer actions against defendant's tenants. In the meantime, but following the declaration of the invalidity of the sale, defendant brought an action to quiet title to the property and for an accounting for rents against Wellborn and his successors, one of whom is Sullivan, the plaintiff in the case at bar. In that action a preliminary injunction was issued restraining Wellborn and his successors from prosecuting the three unlawful detainer actions. Sullivan appealed therefrom and the order for the injunction was affirmed. (*Wellborn* v. *Wellborn*, 67 Cal.App.2d 540 [155 P.2d 95].) What if anything further has transpired in the quiet title action does not appear.

Sullivan commenced the present action to foreclose the lien awarded to his predecessor Wellborn in the judgment in the annulment action, and from an adverse judgment prosecutes the present appeal. In this action defendant cross-complained, demanding the rents collected from the property by Sullivan and seeking to quiet her title to the property against the lien. The trial court accorded her that relief. After the findings in this case were filed, Sullivan proceeded by motion in the first action to have the partial satisfaction of the lien arising from the sheriff's sale expunged, and from an order to that effect an appeal was taken by defendant herein. That appeal has been this day decided. (*Wellborn* v. *Wellborn, post,* p. 221 [195 P.2d 792].)

In the instant action the court found that the lien had been satisfied to the extent of $948.25, the amount specified in the partial satisfaction arising out of the execution sale above mentioned; that Sullivan and his predecessors while in possession of the property collected rents in the sum of $1,445.90, and that defendant should have judgment for that sum deducting therefrom, however, $301.75, the difference between the $948.25 satisfaction and the $1,250 amount of the lien; that under such circumstances the lien has been paid in full and therefore should not be foreclosed.

It is conceded that an action to foreclose the lien was the proper procedure to be followed by Wellborn and his suc-

cessors. It was so held in the appeals and collateral proceedings. (*Wellborn* v. *Wellborn, supra,* 55 Cal.App.2d 516; *Sullivan* v. *State Bar,* 28 Cal.2d 488 [170 P.2d 888].) Thus Sullivan's action to foreclose the lien was a proper remedy.

■ ██ Sullivan urges that the court was not justified in finding that the lien had been satisfied to the extent of $948.25. Factually, there is no basis for the court's finding of such satisfaction. It is not contended that the marginal entry of satisfaction and the receipt heretofore mentioned, related to any satisfaction of the lien in any other manner than occurred by reason of the execution sale. The record here establishes beyond doubt that the receipt and satisfaction were the result of, and based upon, the execution sale. The receipt and marginal entry are completely explained and can have no meritorious standing greater than the execution sale. It will be recalled that Wellborn, the owner of the lien, who might be likened to a judgment creditor in analogous cases, was the purchaser at the execution sale. No money exchanged hands, except to pay the sheriff's costs of the execution sale. The amount of the sale price was merely credited upon the lien, such credit being the amount specified in the alleged partial satisfaction of the lien. The execution was quashed and the sale set aside as being wholly void. For illustration the court said on the first appeal: "The order for issuance of the writ of execution being void, all the proceedings by the sheriff were likewise void, and plaintiff was entitled to disregard these proceedings and to attack them at any time." (*Wellborn* v. *Wellborn,* 55 Cal.App.2d 516, 525 [131 P.2d 48].) The same proposition was sustained on the second and third appeals. (*Wellborn* v. *Wellborn, supra,* 67 Cal.App.2d 540; *Wellborn* v. *Wellborn, supra,* 67 Cal.App. 2d 545.) Under the foregoing circumstances the satisfaction, as expressed in *Smith* v. *Reed,* 52 Cal. 345, 348: "was not a satisfaction in fact, because the execution and sale were void, and the owner of the judgment acquired nothing by virtue of the attempted sale under the execution. Not only the execution and sale, but also the apparent satisfaction of the judgment, ought to be set aside as void."

It may be true that a satisfaction of the character here discussed should be set aside under section 708 of the Code of Civil Procedure, yet such satisfaction may also be set aside in equity. (*Kinnison* v. *Guaranty Liquidating Corp.,* 18 Cal. 2d 256 [115 P.2d 450]; *Merguire* v. *O'Donnell,* 139 Cal. 6 [72

P. 337, 96 Am.St.Rep. 91] ; *Scherr* v. *Himmelmann,* 53 Cal. 312; *Smith* v. *Reed, supra.*)

Here the pleadings of the parties including the cross-complaint of defendant and the answer thereto adequately presented for determination by the court the question of the effectiveness of the satisfaction. As we have shown, there was in effect no satisfaction, therefore, the trial court was in error in giving a credit of $948.25, the amount of the purported satisfaction, on the lien. The questions still remain, however, as to what effect that may have on the judgment, the denial of foreclosure and the sums awarded in the accounting with regard to the rents.

The court found that Wellborn and his successors collected $1,445.90 rents from the property after the void execution sale; that defendant is entitled to judgment therefor with interest thereon from October 1, 1943, deducting therefrom, however, the amount still remaining unpaid on the $1,250 lien after crediting the $948.25 specified in the satisfaction thereon, that is, $301.75.

It appears that Wellborn or his successors took possession of the property on October 3, 1941, under the void execution sale and retained possession until October 1, 1943, and collected the rents on the property during that time in the sum of $1,445.90; that he has retained all those rents. He testified that he has not applied them on the lien. Defendant's motion to quash the execution, hereinbefore mentioned, was filed July 31, 1941, and denied. The order of denial was reversed on November 12, 1942 (*Wellborn* v. *Wellborn, supra,* 55 Cal. App.2d 516). On the basis of the reversal a new motion to quash was granted in November, 1943, and affirmed on January 19, 1945. (*Wellborn* v. *Wellborn, supra,* 67 Cal.App.2d 545.)

Disregarding for the moment the questions of interest on the lien and retained rentals, and claimed deductions from the gross rentals, mathematically defendant would be entitled to have the property free of the lien and a judgment for $195.90. That would result from subtracting from $1,445.90, the amount of the gross rentals, $1,250, the amount of the lien. Sullivan argues, however, that the lien bore interest from the date of the entry of the judgment (December 20, 1939) declaring it to exist, and that from the rentals collected, deductions of certain expenditures on this property should be made.

■ The lien did not bear interest. On the first appeal it was declared that the judgment established the lien but that "no personal judgment [was] given, no order for the payment of money made, and no provision made in the judgment for the payment of the lien"; further that execution would not lie for there was no money judgment; that the creation of the lien did not imply that any person was bound to perform the obligation secured thereby (Civ. Code, § 2890) and that no time was set for the discharge of the lien. (*Wellborn* v. *Wellborn, supra,* 55 Cal.App.2d 516.) Considering the matter from the standpoint of interest on a judgment (the judgment declared a lien), it has been intimated generally that interest runs on a money judgment only. (See *Sheehan* v. *Board of Police Commrs.,* 188 Cal. 525 [206 P. 70]; *Nilsson* v. *State Personnel Board,* 36 Cal.App.2d 186 [97 P.2d 843]; *Estate of Lockhart,* 21 Cal.App.2d 574 [69 P.2d 1001].) From all that appears in the record there was no personal obligation or debt owed by defendant to Wellborn. At most the judgment declared that he had some sort of an interest or claim against the property which was declared to be a lien on the property. Under the circumstances we do not believe that is such a judgment as would bear interest. In contrast, the court in dividing the community property in a divorce action in *Wuest* v. *Wuest,* 72 Cal.App.2d 101 [164 P.2d 32], awarded a money judgment in a specified amount against the defendant and accordingly the court held that the judgment bore interest.

On the subject of interest from a standpoint other than on the judgment, the law is clear that "[it] is the compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money." (Civ. Code, § 1915.) As is evident from the foregoing discussion, we have no showing here of forbearance, detention or use of money."

■ Turning to the rents received from the property by Wellborn and his successors, it is clear that they were not entitled to them. As before seen, Wellborn had nothing more than a lien on the property. By analogy to the real property mortgage cases he, like a mortgagee, in the absence of an agreement, was not entitled to the possession of the property; the right to possession rested in defendant and she was entitled to the rents. (*Childs etc. Co.* v. *Shelburne Realty Co.,* 23 Cal.2d 263 [143 P.2d 697]; *Kinnison* v. *Guaranty Liquidating Corp., supra.*) A lien confers no title upon the lienholder.

(Civ. Code, § 2888.) Thus, inasmuch as the execution sale of the property was void and of no effect and the interest of Sullivan and his predecessors consisted only of the lien, defendant was entitled to the possession of the property and to receive the rents therefrom.

Sullivan seeks, however, to deduct from the gross rentals, money expended by him on the property and commissions paid to his agent for the collection of the rents. This he may not do, for he made no showing that the purposes for which the money was expended were necessary for the preservation and management of the property; he continued to collect the rents after the appeal was taken from the order denying the motion to quash the execution sale and the reversal of that order on appeal declaring the sale void. Under these circumstances he is not entitled to be reimbursed for the expenditures. (See *Campbell* v. *Northrop,* 212 Cal. 45 [297 P. 541]; *Benson* v. *Bunting,* 141 Cal. 462 [75 P. 59]; *Conlan* v. *Sullivan,* 110 Cal. 624 [42 P. 1081]; *Malone* v. *Roy,* 107 Cal. 518 [40 P. 1040]; *Mahoney* v. *Bostwick,* 96 Cal. 53 [30 P. 1020, 31 Am.St.Rep. 175]; Thompson, Real Property [Perm. ed.], § 5117; Rest. Restitution, §§ 73, 74, 158.)

Sullivan cannot prevail on his claim that the trial court was in error in awarding to defendant interest on the difference between the rents collected by Sullivan from the date the last rent was collected by him and the amount of the judgment lien. The owner of land, the possession of which is wrongfully detained by another, may, as we have seen, recover the rents collected during the period of detention. The court may award him interest thereon at the legal rate, at least where, as here, the rents are certain and fixed in amount. (*Nathan* v. *Dierssen,* 164 Cal. 607 [130 P. 12]; *Furlong* v. *Cooney,* 72 Cal. 322, 330 [14 P. 12]; *Haggin* v. *Clark,* 51 Cal. 112.) The cases, *Samuels* v. *Singer,* 1 Cal.App.2d 545 [36 P.2d 1098], and *Stockton Morris Plan Co.* v. *Carpenter,* 18 Cal.App.2d 205 [63 P.2d 859], may be distinguished. There the amount of the rent received was not fixed—the recovery was for the reasonable value of the use of the property.

For the foregoing reasons the second paragraph of the judgment is modified to read as follows: ''It is further adjudged and decreed that cross-defendant Barry Sullivan holds in his possession the sum of $1,445.90 belonging to defendant and cross-complainant Nada Truscott Wellborn; that out of the said sum of $1,445.90 said cross-defendant

Barry Sullivan shall retain the sum of $1250 and shall file a satisfaction of judgment in case No. D182069 for said amount, causing said judgment lien in said case No. D182069 to be satisfied in full of record; that should said cross-defendant Barry Sullivan fail so to satisfy said judgment lien in said case No. D182069 within a period of 30 days after this judgment becomes final, then and in that event the clerk of said Court is instructed and empowered to enter said satisfaction in full as to said judgment lien in said case; that the partial satisfaction of the judgment lien in said case No. D182069, filed and entered on the 18th day of July, 1940, is vacated and expunged.'' The third paragraph of the judgment is amended to read as follows: ''It is further adjudged and decreed that cross-defendant Barry Sullivan shall pay to defendant and cross-complainant Nada Truscott Wellborn the sum of $195.90 principal, together with interest thereon at the rate of 7% per annum from the 3rd day of October, 1943.'' As so modified the judgment is affirmed. Each party shall pay his own costs on this appeal.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.