[No. 3,948.]

# SAMUEL CROSS *v.* JOHN P. ZANE.

SALE OF PROPERTY NOT SUBJECT TO EXECUTION.—Where property sold under an execution, is not the property of the defendant in execution, but wholly that of a stranger, it amounts to a sale of property not subject to execution, within the meaning of Section 708 of the Code, which permits a judgment to be revived in case the purchaser fails to recover the possession.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

In 1869 the plaintiff obtained a judgment against the defendant, under which certain real estate, standing of record in the name of Main & Winchester, was levied upon, and an interest which the plaintiff believed the defendant had in the land, was purchased by the plaintiff in satisfaction of the judgment. Subsequently, the plaintiff ascertained that the defendant had no interest in the property, and he thereupon, in November, 1872, commenced this proceeding by filing a petition, in which he set up the foregoing facts, and asked to have the sheriff's sale set aside, and the judgment revived. The defendant interposed a demurrer, which was sustained, and judgment was entered for the defendant. The plaintiff appealed.

*Creed Haymond, Samuel Cross* and *John Heard*, for Appellant, argued that the proceeding was authorized by Section 237 of the Practice Act (Section 708 Code of Civil Procedure.) They cited *Ritter* v. *Henshaw*, 7 Iowa, 97; *Tudor* v. *Taylor*, 26 Vermont, 144; *Hollister* v. *Dillon*, 4

Ohio S. 197; *Bryan* v. *Berry*, 8 Cal. 145; *Goodenow* v. *Ewer*, 16 Cal. 563–565.

*D. H. Whittemore*, for Respondent, argued that the section of the Code cited had no application to the case; that the plaintiff being fully informed of what he was buying, made a mistake of law, against which he was not entitled to relief in a Court of equity after so long a delay. He cited *Vattier* v. *Lytle's Executors*, 6 Ohio, 168; *Smith* v. *Painter*, 5 S. & R. 225; *Weidler* v. *Farmers' Bank*, 11 S. & R. 138; *Freeman* v. *Caldwell*, 10 Watt. 13; *Salmon* v. *Price*, 13 Ohio, 383.


By the COURT:

If the controversy here were to be determined by the application of the general principles of law, there would certainly be found to be an irreconcilable conflict between the adjudicated cases upon the point. But, as we construe the statute (Pr. Act, Sec. 237; Code Civ. Proc. 708), the case is covered by the provision that the original judgment may be revived "when the property sold was not subject to execution and sale." The statute, being remedial in its character, is to receive a liberal construction, and we think that where, as here, the property sold was not the property of the defendant in execution, but wholly that of a stranger, it amounted to a sale of property not subject to execution and sale, within the intent of the act.

Judgment reversed and cause remanded. Remittitur forthwith.