[No. 5573.]

## FERDINAND SCHERR v. A. HIMMELMANN.

REVIVAL OF JUDGMENT.—Where a party causes an execution to be issued on a judgment, and it is levied on property which turns out not to have belonged to the judgment debtor, such party is entitled to bring an action in equity for the purpose of reviving the original judgment, and setting aside the credit upon the execution.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint alleges that certain proceedings were had which resulted in a judgment in his favor against the defendant for the recovery of two thousand eight hundred and four dollars; that an execution issued and the Sheriff levied upon a certain lot of land; that plaintiff was the highest bidder at the sale thereof, bidding the sum of fifteen hundred dollars, which sum was credited on the execution. The complaint further alleges that the defendant had not at the time of said sale, or at any time theretofore, and that he has not had at any time since, the possession of said premises, or any part thereof, and that said defendant had not at that time, or at any time theretofore, any right, title, interest, or estate, legal or equitable, or color of title, in or to the said premises, or any part thereof. That plaintiff did not dis-

cover that the defendant had no title to or interest in the premises until about the 8th day of April, A. D. 1874, when he caused to be made an abstract of title to the premises from the public records of the City and County, and took the advice of counsel thereon. That immediately thereafter the plaintiff demanded of the defendant payment of said sum of fifteen hundred dollars, so bid and credited as aforesaid, or that the said credit be set aside, and that afterwards, to wit, on or about the 18th day of December, A. D. 1874, the plaintiff tendered and delivered to the defendant a reconveyance, duly executed and acknowledged, of all the right, title, and interest in or to the premises purporting to have been sold, as aforesaid, to the plaintiff, and at the same time demanded of defendant payment of the said sum of one thousand five hundred dollars in coin, credited as aforesaid on the writ, or that the said credit be set aside. That the defendant has ever since retained, and does now retain, the possession of the reconveyance delivered to him as aforesaid, but has always refused, failed, and neglected to pay to the plaintiff the said sum of one thousand five hundred dollars, or any part thereof, or to consent that the credit be set aside. Plaintiff alleges that such credit was given under the mistake and belief that defendant was the owner of the land sold on execution by reason of the existence on record of a deed of bargain and sale from one Doherty to the defendant of the lot levied upon, but that Doherty never had any title to the land. Then follows the prayer:

" Wherefore, the plaintiff prays that the said sale made by the said Sheriff, as aforesaid, be set aside, and that the said credit of fifteen hundred dollars returned on said writ be also set aside, and that the said judgment be reinstated and revived, and execution thereon be issued, the same as if the said sale had not in fact been made, nor the said credit given; and for such other and further relief as may be meet, and for costs of suit."

At the trial, after a demurrer had been overruled, counsel for the defendant admitted all the allegations of the complaint, whereupon the plaintiff rested the case; and counsel for the

defendant then moved the Court that the complaint be dismissed, on the ground that the pleaded and admitted facts in the complaint did not constitute a cause of action, or entitle the plaintiff to the relief demanded in the complaint, or to any relief in the action.

The Court denied the motion, and held and decided that the complaint did state facts sufficient to give a Court of Equity jurisdiction, and to entitle the plaintiff to the relief demanded in the complaint, to which ruling and decision defendant, by his counsel, duly excepted, and the Court ordered judgment to be entered in favor of the plaintiff, and against the defendant, as prayed for in the complaint.

*Wm. Irvine*, for Appellant.

1. The Court erred in overruling the demurrer to the complaint. If upon the facts alleged by the plaintiff the rule *caveat emptor* does not apply, then the mode and measure of redress is under the provisions of sec. 708, Code of Civil Procedure. (*Cross* v. *Zane*, 47 Cal. 602; *Boggs* v. *Hargrave*, 16 Ibid. 562, 565–6; Freeman on Executions, sec. 352.)

2. The Court erred in denying the defendant's motion to dismiss the complaint, and in rendering judgment for the plaintiff. (Rorer on Judicial Sales, pp. 289, 293; *Branham* v. *San José*, 24 Cal. p. 608.)

Independent of Code provisions, in cases where the rule *caveat emptor* was not applied, the remedy by motion in the same suit in which the original judgment was rendered was the only recognized mode of proceeding for relief against a sale by a purchaser; and especially was this the rule where the plaintiff in the execution was the purchaser. (Rorer on Sales, p. 303.)

But for the decision of this Court in *Zane* v. *Cross*, we would insist upon the authority of *Boggs* v. *Hargrave*, *Branham* v. *San José*, and *Sargeant* v. *Sturm*, (23 Cal. 359)—in the absence of circumstances of actual fraud or mistake, such as equity would relieve against—that a purchaser at a judicial sale under a judgment rendered in an action at law would purchase subject to the rule of *caveat emptor*. The following are a few of the

cases holding this rule: Rorer on Sales, p. 168, and cases cited; *Bingham* v. *Maxey*, 15 Ill. 295; *Walden* v. *Gridley*, 36 Id. 523, 532; *Miller* v. *Finn*, 1 Neb. 254, 292; *Thompson* v. *Munger*, 15 Texas, 523–527; *Lynch* v. *Baxter*, 4 Id. 431; *England* v. *Clark*, 4 Scam. 486; *Truman* v. *Caldwell*, 10 Watts, 9; *Miller* v. *Fitch*, 7 W. & S. 366; *Bostwick* v. *Winton*, 1 Sneed, 524; *Lang* v. *Waring*, 25 Ala. 625.

*George & Loughborough,* for Respondent.

1. A sale under execution, of land in which the parties to the judgment had no estate or interest whatever, and which had been bid in by the plaintiff under a misapprehension of the fact, should not be considered as payment of the judgment to the extent of such bid; and the plaintiff has a well established remedy by suit in equity. (*Schumerhorn* v. *Baryhydt*, 9 Paige, 28–40; *Meyer* v. *Craig*, 3 Blackf. Ind. 295; *Slocum* v. *Freeman*, 6 Abbott Pr. N. S. 443; *Lansing* v. *Quackenbush*, 5 Cowen, 38; Rorer on Judicial Sales, p. 302, sec. 903.)

2. This equitable relief has been granted in analogous cases of mistake. (*Russell* v. *Mixer*, 42 Cal. 475; *Pownall* v. *Hall*, 45 Cal. 189.)

3. Relief in such cases may be granted either by suit in equity or by special motion. (*Schumerhorn* v. *Baryhydt*, 9 Paige, 40; *Mulks* v. *Allen*, 12 Wend. 253; Rorer on Judicial Sales, p. 303, sec. 905.)

4. The Code recognizes the plaintiff's right to a summary remedy; but the remedy there given is cumulative, and not exclusive. (Code of Civil Procedure, sec. 708; *Cross* v. *Zane*, 47 Cal. 602.)

5. A judgment revived on motion under sec. 708, Code of Civil Procedure, "has the same force and effect as would the original judgment of the date of the revival." The defendant, then, was not injured by the plaintiff choosing a less summary remedy.

By the Court, RHODES, J.:

The plaintiff having recovered a judgment against the defendant for a sum of money, and having caused an execution

to be issued, which was afterwards levied upon a tract of land as the property of the defendant, purchased the land for the sum of one thousand five hundred dollars, and that sum was credited upon the execution; but the defendant, as is alleged in the complaint, had no right, title, or interest in the land, nor the possession thereof, although there appeared of record a deed of conveyance purporting to grant the land to him. The plaintiff delivered to the defendant a conveyance of all the right, title, and interest acquired by his purchase at such sale, and demanded that the amount bid for the land be returned to him, or that the credit on the execution be cancelled. The defendant retains the deed of conveyance delivered to him by the plaintiff. The action is an action in equity, to set aside the credit on the execution, and have the original judgment revived for the sum so credited on the execution.

*Cross* v. *Zane*, 47 Cal. 602, was a suit in equity to revive the judgment under circumstances quite similar to those in this case, and objection was taken in that case, as in this, to the effect that proceedings by motion was the only remedy; but this Court reversed the judgment of the Court below, rendered upon the order sustaining the demurrer to the complaint. Upon the authority of that case we hold that the demurrer was properly overruled, and that the plaintiff was entitled to judgment upon the admission by the defendant of the facts alleged in the complaint.

Judgment affirmed.