[S. F. No. 3384.   Department One.—April 1, 1903.]

J. H. MERGUIRE, Plaintiff; J. S. REID, Petitioner and Appellant, v. THOMAS O'DONNELL, Defendant and Respondent.

EXECUTION—VOID SALE—"IRREGULARITY"—REVIVAL OF JUDGMENT IN FAVOR OF PURCHASER.—A sale made by the sheriff on an order of the court, and under a void execution, is extremely irregular, and is void "in consequence of irregularity in the proceedings concerning the sale," within the meaning of section 708 of the Code of Civil Procedure, providing for a revival of the judgment in favor of the purchaser or his successor in interest, if he fails to recover possession in consequence of such irregularity.

ID.—CONSTRUCTION OF CODE—REMEDIAL PROVISION.—Section 708 of the Code of Civil Procedure, being remedial in its character, should be liberally construed to give a remedy as broad as that to be obtained by the corresponding action in equity, which extends to cases where both the execution and the sale under it are held to be void.

ID.—FAILURE TO RECOVER POSSESSION—ACTION TO QUIET TITLE—STATUTE OF LIMITATIONS.—The revival of the judgment in favor of the purchaser under section 708 of the Code of Civil Procedure being conditioned upon the failure "to recover possession in consequence of irregularity in the proceedings concerning the sale," the statute of limitations, under section 343 of the Code of Civil Procedure, which is the only statute applicable to the case, does not begin to

run until such failure; and where the motion to revive the judgment was made within a few days after the filing of the *remittitur* on appeal in an action to quiet title, in which the execution and sale were adjudged void, it cannot be barred by the statute.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to revive a judgment. Thomas F. Graham, Judge.

The facts are stated in the opinion.

J. S. Reid, for Appellant.

Clinton G. Dodge, and Reed & Nusbaumer, for Respondent.

GRAY, C.—In this case the plaintiff obtained a judgment against the defendant for six hundred and fifty dollars, besides costs. An execution, or what purported to be an execution rather, was issued, and certain real property of defendant was, under said execution and an order of the court, sold to satisfy said judgment. The appellant was the purchaser at said sale, and is also the assignee of the judgment. Subsequent to this sale the judgment was satisfied. Thereafter the defendant herein commenced a suit to quiet title to the real estate so sold, and in said suit it was finally determined that the execution under which said sale was held was void because it was not signed by the county clerk in office at the time of its issuance, but had printed at the conclusion of it the name of his predecessor, followed with "by" and the name of a then deputy clerk. (*O'Donnell* v. *Merguire,* 131 Cal. 527.[1]) O'Donnell's title was quieted in said action, and a few days after the going down of the *remittitur* therein from this court Reid, the said purchaser at the execution sale, moved the court under the provisions of section 708 of the Code of Civil Procedure, to set aside the satisfaction and revive the original judgment in his name for the amount paid by him at said sale, with interest. The appeal is by Reid from the order denying his said motion, and we think the order should be reversed.

Section 708 of the Code of Civil Procedure, so far as applicable, reads as follows: "If the purchaser of property at sheriff's sale, or his successor in interest, fail to recover pos-

[1] 82 Am. St. Rep. 389.

session in consequence of irregularity in the proceedings concerning the sale or because the property sold was not subject to execution and sale, the court having jurisdiction thereof must, after notice and on motion of such party in interest, or his attorney, revive the original judgment in the name of the petitioner, for the amount paid by such purchaser at the sale, with interest thereon from the time of payment, at the same rate that the original judgment bore; and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more.'' Respondent's position is, that the case is not within the quoted section, for two reasons,—1. The execution being absolutely void, as held in the suit to quiet title, does not constitute an ''irregularity in the proceedings concerning the sale''; and 2. The judgment having been entered and become final more than five years before the motion was made, it was barred by the statute of limitations, and should not be revived.

1. We think a sale made by a sheriff on an order of the court and a void execution is ''irregular'' in the extreme degree, and that a sale had on a void execution is void for the reason of ''irregularity in the proceedings concerning the sale.'' Section 708 of the Code of Civil Procedure, being remedial in its character, should be liberally construed. (*Hitchcock* v. *Caruthers,* 100 Cal. 102; *Cross* v. *Zane,* 47 Cal. 602.) The section under consideration was intended to give a remedy by petition in the action which had culminated in the judgment sought to be revived. There was and is a remedy by an independent suit in equity by which similar relief may be had as is given by the statute (*Scherr* v. *Himmelman,* 53 Cal. 312); and this remedy as administered in equity extends to cases where the execution and sale under it are both held to be void (*Smith* v. *Reed,* 52 Cal. 345); and, giving the section the liberal construction required, it is clear that the remedy intended to be given under it is as broad as that to be obtained in the corresponding action in equity. It is certainly necessary and consonant with the principles of equity that a party should have relief in cases where the execution and sale are void, as well as in those cases where there is an irregularity of such a character as to render the sale merely voidable. Indeed, it would seem that the requirements of equity were the same in both the supposed cases, and there

is no good reason for applying the section to one of them and not to the other.

2. Nor do we think that the statute of limitations had run against the remedy given by the quoted section. The right to the remedy does not arise until the purchaser shall "fail to recover possession." The facts disclosed show that the motion was made only sixteen days after the *remittitur* was issued in the suit to quiet title. That suit was commenced within twenty days after the execution sale and about one year after the judgment, the revival of which is here sought, had become final, by reason of the affirmance thereof on appeal to the supreme court. During the pendency of the suit to quiet title Reid was endeavoring to obtain a judgment, in his behalf which would result in his obtaining possession of the property which he had bought at the execution sale. It cannot be said that he had failed to obtain possession until that suit was finally determined against him. As his remedy under the statute did not arise until such failure, the statute of limitations could not begin to run prior to that time. It is a well-settled principle that the statute of limitations does not begin to run until the cause of action is matured so that a suit can be based upon it. The remedy here sought is not "an action upon a judgment" within the provisions of section 336 of the Code of Civil Procedure, which limits the right of action on a judgment to five years, and that section does not affect this case. There is nothing to indicate that the legislature intended to control the effect or operation of section 708 of the Code of Civil Procedure, or the remedy under it, by said section 336. We think that the only statute of limitations applicable to said remedy is section 343 of the Code of Civil Procedure, which provides that "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued," and, as we have already seen, the remedy or "cause of action" here relied upon did not accrue until a few days before the petition was filed.

We advise that the order appealed from be reversed, with directions to the court below to enter an order in accordance with this opinion.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed, with directions to the court below to enter an order in accordance with this opinion.

Angellotti, J., Shaw, J., Van Dyke, J.

Hearing in Bank denied.