[S. F. No. 8703. In Bank.—July 28, 1920.]

## HEINE PIANO COMPANY (a Corporation), Respondent, v. J. M. BLOOMER et al., Appellants.

[1] APPEAL—ORDER DENYING NEW TRIAL—DISMISSAL.—An appeal from an order refusing a new trial must be dismissed where the notice of appeal was filed after the amendment of 1915 to section 963 of the Code of Civil Procedure.

[2] JUDGMENT—JUSTICE'S COURT—ORDER DENYING MOTION TO VACATE SATISFACTION—WANT OF JURISDICTION—EFFECT OF.—The power of a justice's court to rule on a motion to vacate the satisfaction of a judgment becomes *functus officio* where the motion is denied for lack of jurisdiction, and a subsequent order denying a second motion on the merits is void.

[3] ID.—ORDER DENYING MOTION TO VACATE NOT RES JUDICATA.—An order of a justice's court denying a motion to vacate the satisfaction of a judgment is not *res judicata* as against the right to prosecute an action in the superior court to set aside such satisfaction, where the order was made for lack of jurisdiction.

[4] ID.—ORDER DENYING MOTION TO OFFSET JUDGMENTS NOT RES JUDICATA.—An order of a justice's court denying a motion to offset a judgment which had been marked "satisfied," and had

not been revived against another judgment between the same parties in the same court is not *res judicata*, where the order was denied for want of jurisdiction.

[5] ID.—RELIEF FROM SATISFACTION OF JUDGMENT—EQUITABLE JURISDICTION OF SUPERIOR COURT.—The superior court, as a court of equity, has jurisdiction to hear and determine an action to vacate the satisfaction of a judgment of a justice's court, where the remedy at law has been exhausted.

[6] ID.—EXECUTION SALE OF HOMESTEAD—VACATION OF SATISFACTION OF JUDGMENT.—In view of section 708 of the Code of Civil Procedure, satisfaction of a judgment of a justice's court should be set aside by a court of equity where execution has been levied upon property of the debtor which has been homesteaded, regardless of constructive notice furnished by the recorded declaration.

[7] ID.—FAILURE TO PLEAD JUDGMENT AS DEFENSE TO SUBSEQUENT ACTION—ABSENCE OF LACHES.—Laches is not to be imputed to the holder of a judgment of a justice's court for the failure to plead such judgment by way of defense or counterclaim to a subsequent action brought against him by the debtor, where the judgment at the time of the commencement of the action was a "satisfied" judgment and the amount in excess of the jurisdiction of the justice's court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. Ringole and H. A. I. Wolch for Appellants.

Charles F. Hanlon for Respondent.

LAWLOR, J.—This is an appeal from a judgment entered in favor of the plaintiff, the Heine Piano Company, a corporation, and against the said defendants, G. C. Ringolsky, Frank T. Deasy, James G. Conlan, Robert W. Dennis, and Kohler & Chase, a corporation, in an action brought (1) to vacate the satisfaction of a judgment rendered in favor of the present plaintiff and against defendants Charles and Laura Olson in an action—hereinafter referred to as action 76,831—in the justice's court of the city and county of San Francisco, and to revive said judgment; (2) to have said judgment "offset, . . . against the judgment in action 85,133 [in said justice's court] to the extent that one judg-

ment equals the other"; and (3) to restrain defendants from issuing execution in action 85,133. Judgment was entered on November 8, 1917, granting the relief prayed and continuing the action for further proceedings as against defendants J. M. Bloomer, Charles and Laura Olson, John Doe, Richard Roe, Cornelius Coe, and Henry Hoe. Defendants Bloomer, Ringolsky, Deasy, Conlan, Dennis, and Kohler & Chase prosecute this appeal, the record of which is presented under the alternative method.

[1] These last-named defendants also appeal from the order denying their motion for a new trial, but, inasmuch as the notice of appeal was filed after the amendment of 1915 to section 963 of the Code of Civil Procedure, the appeal from the order refusing a new trial must be, and is hereby dismissed. (*Roberts* v. *Colyear,* 179 Cal. 669, [180 Pac. 937]; *Rockey* v. *Vieux,* 179 Cal. 681, [178 Pac. 712]; *Marsh* v. *Lapp,* 180 Cal. 231, [180 Pac. 533].)

On May 25, 1915, plaintiff commenced action 76,831 against the Olsons for the sum of $250 alleged to be owing at the time by them to the Heine Piano Company. On June 28th, the Olsons having failed to appear, judgment by default was entered against them for $303.65, which sum included costs. On June 30th, "without the consent or knowledge of or any notice other than constructive notice to the plaintiff," Laura Olson executed and recorded a declaration of homestead and a homestead lien on the land upon which they were residing on Rhode Island Street in San Francisco. On November 29th a writ of execution was issued in action 76,831 to the sheriff of the city and county of San Francisco, and, by virtue of that writ, on December 27th the sheriff sold said Rhode Island Street property to one A. G. Mitchell, who is admitted to have been plaintiff's agent in the transaction. On January 12, 1916, the writ of execution was returned, satisfied.

On March 17, 1916, action 85,133 was commenced against the plaintiff in the justice's court of the city and county of San Francisco in the name of Miss J. M. Bloomer, who, it appears, was a stenographer in the office of G. C. Ringolsky. The plaintiff in that action, as assignee of the Olsons, alleged that the Heine Piano Company was indebted to Laura Olson in the sum of $250 "for goods, wares, and merchandise sold and delivered." The action

went to trial, and on September 27th judgment was rendered in favor of Miss Bloomer and against the Heine Piano Company for $259.95. An appeal from that judgment was taken by plaintiff herein, but, an exception to the sureties having been filed, and the said sureties having failed to justify within the time allowed by law, on December 22d the appeal was dismissed. A petition to the district court of appeal for a writ of review was denied.

On March 19, 1917, Mitchell having in the meantime transferred to G. O. Heine, plaintiff's president, all the right, title, and interest which he had acquired in or to the Rhode Island Street property at the execution sale, said Heine, in behalf of the plaintiff, executed a deed conveying back to the Olsons all the right, title, and interest which either he or the corporation had in said real property.

On March 22d plaintiff moved in the justice's court where the judgment in action 76,831 had been rendered for an order vacating, canceling, and setting aside the satisfaction of said judgment, on the ground that the entry of satisfaction was a mistake, the execution having been levied upon real property which was exempt as a homestead, and on the further ground of ignorance on the part of the plaintiff of the existence of such a homestead at the time of the execution sale.

On March 27th Heine Piano Company moved in action 85,133 for an order offsetting the judgment in that action against the judgment in action 76,831 on the grounds that Miss Bloomer, in whose name the judgment in action 85,133 stood, was not the real party in interest but was the Olsons' assignee for collection only, that the Olsons were the true owners of the Bloomer judgment, and, therefore, that their judgment, being less than that in action 76,831, should be offset and canceled.

On April 3d defendant Deasy made an order denying plaintiff's motion to vacate the satisfaction of judgment in action 76,831, the order reading in part: "Thereupon defendants object to · further hearing herein on the ground that the issues raised by said motion involve a decision on the title to real estate of which this court has no jurisdiction. . . . The court does now sustain said objection and *on the ground of lack of jurisdiction* denies the plaintiff any further hearing on its said motion." (Italics ours.)

CLXXXIII—26

On April 4th defendant Conlan made a second order in action 76,831, denying plaintiff's motion to vacate on the merits. This last order was entered on April 5th.

On April 4th defendant Conlan denied the motion made by plaintiff in action 85,133 to offset that judgment against the one in action 76,831. On the same day plaintiff commenced this action.

At the conclusion of the plaintiff's case defendants moved for a nonsuit, but the motion was denied. The contentions made by appellants in their opening brief are the same as the grounds urged for a nonsuit: "1. The matters in issue at bar were previously determined by courts of competent jurisdiction, and hence are to be treated as *res judicata.* 2. The complaint does not show any equity. 3. The plaintiff . . . was guilty of laches in asking for the relief prayed."

1. In support of their first contention appellants assert "that all of the matters and showing made in the justice's court and upon which the justice of the peace based his decision were the same as the facts alleged in this action." First, as to the order denying the motion to vacate the satisfaction of judgment in action 76,831. Even if the correctness of the statement just quoted be assumed for the purposes of this discussion, it is not decisive of this question, for appellant's position ignores the fact that the order denying the motion was not the order entered on April 5th, which purported to deny the motion without stating the grounds, but was the order made and entered on April 3d, in which the court refused to grant the motion *because of lack of jurisdiction.* [2] In other words, by the making of the order of April 3d the power of the court to rule on the motion to vacate became *functus officio.* As is said in Freeman on Judgments, section 70, "the law does not authorize the correction of judicial errors under the pretense of correcting clerical errors. . . . It is certain that proceedings for the amendment of judgments ought never to be permitted to become revisory or appellate in their nature; ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even though the proposed amendment embraces matter which ought clearly to have been so pronounced." (See, also, *Byrne* v. *Hoag,* 116 Cal. 1, [47 Pac. 775]; *First Nat. Bank* v. *Dusy,*

110 Cal. 69, [42 Pac. 476]; *People* v. *Davis*, 143 Cal. 673, [77 Pac. 651]; *Dunsmuir* v. *Coffey*, 148 Cal. 137, [82 Pac. 682]; *Takekawa* v. *Hole*, 170 Cal. 323, [149 Pac. 593]; *Suttman* v. *Superior Court*, 174 Cal. 243, [162 Pac. 1032].) In *Weimmer* v. *Sutherland*, 74 Cal. 341, [15 Pac. 849], Sutherland had recovered judgment against Weimmer and his wife after a trial in the justice's court. Three weeks after such judgment was rendered the court, upon motion of the defendants Weimmer, entered an order "that said judgment is hereby set aside and vacated." It did not appear that plaintiff had notice of this motion or was present when it was heard. On a writ of review sued out by Sutherland in the superior court, the justice's order vacating the judgment was held void. On appeal it was said: "Justices' courts have no power to review their own judgments, unless by some method expressly provided by law. . . . Section 925 of the Code of Civil Procedure is as follows: 'Justices' courts being courts of peculiar and limited jurisdiction, only those provisions of this code which are, in their nature, applicable to the organization, powers, and course of proceedings in justices' courts, or which have been made applicable by special provisions in this title, are applicable to justices' courts and the proceedings therein.' It is therefore argued . . . that by virtue of said section 925 all the broad powers granted to courts of record by section 473 of the Code of Civil Procedure may be exercised by justices' courts. . . . It will be observed, however, that the section expressly preserves the notion of the 'peculiar and limited jurisdiction' of these courts, and, moreover, that its general character is negative rather than positive. The grant is somewhat in the shape of a parenthesis in a clause of limitation. If, therefore, that part of the code which expressly deals with proceedings in justices' courts prescribes the powers of those courts in relation to a general subject about which the powers of courts of record are expressly prescribed in another part, then we think that the powers of the justices' courts with respect to that subject are to be looked for in the former. and not in the latter provision. Now, the power in question here—i. e., the power to relieve from a judgment taken through surprise, excusable neglect, etc.—is expressly given to courts of record by section 473, and is expressly given to justices'

courts by section 859. . . . But section 859 confines the power in justices' courts to cases of a 'judgment by default.' . . . We think, therefore, that the latter section is determinative of the question here involved, and not section 473.'' (See, also, *Heinlen* v. *Phillips,* 88 Cal. 557, [26 Pac. 366]; *Simon* v. *Justice's Court,* 127 Cal. 45, 59 Pac. 296].) In our opinion the only effective action taken by the justice's court on plaintiff's motion to vacate the satisfaction of judgment in action 76,831 was the order of April 3d, and the order subsequently entered on April 5th was a nullity.

As to the effect of this order as *res judicata* on the plaintiff's rights, section 1911 of the Code of Civil Procedure provides: ''That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.'' In *Oakland* v. *Oakland Water Front Co.,* 118 Cal. 160, [50 Pac. 277] it was held that where a suit was dismissed for want of jurisdiction or was disposed of on any ground not going to the merits of the action, the judgment rendered was not a bar to another suit. This rule finds support in 7 Encyclopedia of Evidence, 811: ''If it appears that a suit has been dismissed for want of jurisdiction, the judgment of dismissal will be no bar to another action brought in a court having jurisdiction of the subject matter.'' (See, also, *Reynolds* v. *Lincoln,* 71 Cal. 183, [9 Pac. 176, 12 Pac. 449]; 23 Cyc. 1150; *Laguna Drainage District* v. *Charles Martin Co.,* 5 Cal. App. 166, 172, [89 Pac. 993]; *Shively* v. *Eureka Tellurium etc. Co.,* 5 Cal. App. 236, 243, [89 Pac. 1073].) As already shown, the order of April 3d stated that the plaintiff's motion to vacate the satisfaction of judgment was denied by reason of want of jurisdiction. [3] Inasmuch as this order—and not the order of April 5th— represented the court's ruling on the motion to vacate, we think it clear that the question whether the plaintiff is entitled to have the satisfaction of judgment in action 76,831' vacated is not *res judicata.*

We now turn to a discussion of the effect of the order denying the motion to offset the judgment in action 85,133 against that rendered in action 76,831. That order reads in part: '' . . . it appearing to the court that the judg-

ment in action 76,831 . . . has been heretofore satisfied and discharged, and it further appearing to the court that the said J. M. Bloomer has no legal or equitable interest in or to said judgment . . . , the court hereby orders that the motion be and the same is hereby denied.'' It is at once apparent that the basis of the court's ruling in this instance, as well as in the case of the motion to vacate, was lack of jurisdiction, for at the time the motion to offset was made the judgment in action 76,831 had been marked ''satisfied'' and had not been revived, so that there was no existing judgment in action 76,831 which could be offset against the judgment in action 85,133. **[4]** It must be held, therefore, under the rule already referred to, that neither the question whether the plaintiff is entitled to have the satisfaction of its judgment vacated, nor the question whether plaintiff is entitled to have that judgment offset against the one in action 85,133, is *res judicata.*

2. We shall next consider appellants' second contention that ''the complaint does not show any equity.'' The claim is made in their brief that ''the court lacked jurisdiction to hear and determine the issues in this case. . . . A court of equity cannot assume the powers of appellate jurisdiction to review the errors of the lower court.'' In stating the rule on this point we cannot do better than quote from *Uhlfelder* v. *Levy,* 9 Cal. 607, 614: ''The *power* of one district court to restrain proceedings in another, in cases where as *adequate* relief can be *as well* had in the court in which the proceedings are pending, is denied by the former decisions of this court. . . . 'The only case in which it will be allowed is where the court in which the action or proceeding is pending is unable, by reason of its jurisdiction, to afford the relief sought.' '' (See, also, *Anthony* v. *Dunlap,* 8 Cal. 26; *Rowley* v. *Howard,* 23 Cal. 401; *Crowley* v. *Davis,* 37 Cal. 268; *Kelley* v. *Kriess,* 68 Cal. 210, [9 Pac. 129]; *Gregory* v. *Diggs,* 113 Cal. 196, 199, [45 Pac. 261].) And in *Hager* v. *Shindler,* 29 Cal. 48, the court said: ''Before the case can be considered as beyond the reach of a court of equity, it must be made to appear that the legal remedy would be adequate and complete.'' And in *Merriman* v. *Walton,* 105 Cal. 403, [45 Am. St. Rep. 50, 30 L. R. A. 786, 38 Pac. 1108]: ''The rule under which a court of equity declines to interfere until after the application for relief

has been made to the court in which the judgment was rendered has no application when relief has been sought and denied in that court. The denial of that court to grant relief gives to the court of equity the same authority to interfere as if the other court were powerless to render aid.'' In the case at bar the plaintiff moved in action 76,831 to vacate the satisfaction of judgment, but that motion was denied, as we have seen, because of lack of jurisdiction. Plaintiff also moved in action 85,133 to offset the two judgments, but this motion was also denied. **[5]** Under the authorities we have cited, the plaintiff having exhausted its remedy at law, the superior court, as a court of equity, had jurisdiction to hear and determine the issues raised in the complaint.

We shall next consider the question whether the plaintiff was entitled to the relief granted, and in this connection we shall first inquire whether it was entitled to a decree vacating the satisfaction of judgment in action 76,831. The rule is thus stated in the note to *Sturdivant* v. *Ward* (Ark.), 134 Am. St. Rep. 36: ''We cannot suggest a better solution [of this question] than the general adoption of some such declaration of the law as has been enacted in California: Code of Civil Procedure, section 708. ' . . . If the purchaser of property at sheriff's sale . . . fail to recover possession . . . because the property sold was not subject to execution and sale, the court having jurisdiction thereof must . . . revive the original judgment.' The section has been construed and applied in the well-known case of *Cross* v. *Zane,* 47 Cal. 602, and followed in *Hitchcock* v. *Carruthers,* 100 Cal. 100, [34 Pac. 627], and *Merguire* v. *O'Donnell,* 139 Cal. 6, [96 Am. St. Rep. 91, 72 Pac. 337]. In those cases it was held that, as the section was remedial in its character, it was to be liberally construed, and that, if the property sold was not the property of the defendant in the execution, it amounted to a sale of property not subject to execution and sale within the intent of the statute, and the purchaser was entitled to the remedies afforded by the act.'' And in *Scherr* v. *Himmelmann,* 53 Cal. 312, it was held that where a party causes an execution to issue on a judgment and it is levied on property which turns out not to belong to the judgment debtor, such party is entitled to bring an action in equity for the purpose of reviving the

original judgment. [6] The facts in the instant case clearly fall within this principle. It is conceded that the sale of the Rhode Island Street property, as a result of which the judgment in action 76,831 was marked "satisfied," was void because it had already been homesteaded. (*Waggle* v. *Worthy,* 74 Cal. 266, [5 Am. St. Rep. 440, 15 Pac. 831]; *Sanders* v. *Russell,* 86 Cal. 119, [21 Am. St. Rep. 26, 24 Pac. 852]; *City Store* v. *Cofer,* 111 Cal. 482, [44 Pac. 168]; *Powell* v. *Patison,* 100 Cal. 236, [34 Pac. 677]; *Gleason* v. *Spray,* 81 Cal. 217, [15 Am. St. Rep. 47, 22 Pac. 551].) But it is contended by appellants that at the time of the sale the plaintiff had either actual or constructive notice that the Olsons had declared a homestead upon the property, and, therefore, that it is not entitled to have the satisfaction vacated. This same contention was made in *Cross* v. *Zane,* 47 Cal. 602, referred to in *Sturdivant* v. *Ward, supra,* where the judgment creditor had caused execution to be levied upon an interest which he believed the judgment debtor had in certain real property. He subsequently ascertained that said debtor had no interest in the property and petitioned to have his judgment revived in accordance with section 708. The defendant argued "that the plaintiff, being fully informed of what he was buying, made a mistake of law, against which he was not entitled to relief in a court of equity after so long a delay." The court, nevertheless, held, as we have seen, that the statute was to receive a liberal construction and that the plaintiff was entitled to the relief sought. In view of these authorities, we are not disposed to hold, even if the plaintiff here is to be charged with notice of the recordation of the homestead declaration at the time of the execution sale, that it is not entitled to the remedies afforded by the statute. Under the ruling in *Scherr* v. *Himmelmann, supra,* the plaintiff is plainly entitled to the aid of equity in order that the judgment may be revived.

Now, as to whether plaintiff was entitled to have that judgment offset against the one in action 85,133. Appellants claim "that Kohler & Chase, the assignor of Bloomer, has been and still is the real and beneficial owner of the Bloomer judgment," and that the court's finding that the Olsons were the owners thereof is without support in the evidence. Upon this point Mrs. Olson testified that she had purchased a piano from Kohler & Chase on the installment

plan, and that she had assigned her cause of action against the plaintiff to Kohler & Chase upon the understanding that if anything was recovered upon said cause of action "that money would go off the piano." She did not claim that she was to be given unconditional credit for the sum alleged to be due and owing from the Heine Piano Company, but only for such amount as Kohler & Chase might recover. In our opinion the court was justified in finding that the Olsons, and not Kohler & Chase, were "the real and beneficial owners" of the claim, the latter merely having the legal title for the purposes of suit.

3. Appellants insist that plaintiff was guilty of laches (1) "in its defense in action 85,133. . . . In the answer nothing was alleged by way of defense or counterclaim setting forth the judgment in action 76,831." There are two answers to this contention. Section 855 of the Code of Civil Procedure provides that the answer to a complaint in a justice's court may contain a denial, "and also a statement . . . of any other facts constituting a defense or counterclaim, *upon which an action might be brought* by the defendant against the plaintiff, or his assignor, *in a justice's court.*" (Italics ours.) At the time of the commencement of action 85,133 plaintiff's claim against the Olsons was a "satisfied" judgment, and, until that "satisfaction" was vacated, plaintiff had no counterclaim, "upon which action might be brought." And, too, as heretofore noted, the amount of the judgment in action 76,831 was $303.65—a sum in excess of the jurisdiction of the justice's court. (*Malsof v. Vaughn,* 23 Cal. 61.) [7] It is clear that the plaintiff was not guilty of laches in action 85,133 in not pleading his claim against the Olsons. (2) Appellants claim that plaintiff was negligent in not consulting the records of the county recorder "to learn whether or not the real property of the Olsons was homesteaded before they proceeded to sell the same." Laches is a matter to be determined from all the circumstances of the case. As already pointed out, appellants had admitted that "plaintiff had no knowledge of the fact that any such declaration was recorded." We cannot hold that plaintiff was guilty of laches in not earlier seeking to vacate the satisfaction of the judgment.

Since the matters here in issue are not *res judicata*, and equity will relieve the plaintiff from the "satisfaction," it follows that the judgment should be affirmed.

Shaw, J., Olney, J., Wilbur, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.