(No. 6006.   October 27, 1933.)

ALEX GERTZTOWT, Respondent, v. A. HUMPHREY, Appellant.

[27 Pac. (2d) 64.]

John W. Jones, for Appellant.

F. M. Bistline, for Respondent.

GIVENS, J.—Certain real property was sold as appellant's under execution to satisfy a judgment obtained by respondent. Thereafter it was judicially determined in other proceedings that appellant had no title to such property.

This action was instituted by respondent, after three years but within four years of such determination, against appellant, under section 8–312, I. C. A., to revive the original judgment because of the detailed failure of title.

The trial court rejected appellant's defense that section 8–312, I. C. A., created a statutory liability barred in three years by section 5–218, I. C. A., and held, section 5–224, I. C. A., or four years controlling.

Appellant appealed within ninety but not within sixty days after the judgment herein.

■ Respondent moves to dismiss the appeal as too late under section 11–201, I. C. A., because the decision of the trial court was an order and not a judgment.

Section 12–401, I. C. A., defines an order as:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order. An application for an order is a motion."

This is not an action to revive a judgment because of mere lapse of time under section 8–105, I. C. A., and note the distinction, *Thomas v. Lally*, 28 Cal. App. 308, 152 Pac. 53, 54.

The writ of *scire facias* has been expressly held to have been repealed in this state by section 9–601, I. C. A., and its function now served by sections 8–105 and 8–312, I. C. A., *Evans v. City of American Falls*, 52 Ida. 7, 22, 11 Pac. (2d) 363.

This court has evidently recognized that an equitable action, independent of section 8–312, I. C. A., might be brought for similar relief. *Bashor v. Beloit*, 20 Ida. 592, 599, 119 Pac. 55:

"In abolishing the writ of *scire facias* and enacting a substitute therefor by the provisions of sec. 4474, the substitute was not intended to be the exclusive method by which a judgment might be revived and kept alive, and the fact that a judgment for the recovery of money was excluded from the provisions of said section 4474 is no indication that the legislature intended to exclude such judgments from the provisions of sec. 4051. Under our law the right to

maintain an action on a judgment is not dependent upon the right to issue an execution thereon, but is dependent on and governed by the provisions of said sec. 4051, limiting the time in which an action may be brought on a judgment."

Section 8–312, I. C. A., was first considered by this court in *Cantwell v. McPherson,* 3 Ida. 321, 29 Pac. 102, and 3 Ida. 721, 34 Pac. 1095, and it will be noticed that throughout those two cases the denomination of the determination allowing revival of the original judgments was referred to as a "judgment" and there is no reason to conclude that this nomenclature was inadvertently used.

Though *scire facias* has been as such abolished the classification originally used therein is now in point, at least by comparison with proceedings under section 8–312, I. C. A., and we may with propriety look to see what designation has been given, and we find the word "judgment" used almost exclusively[1] in such proceedings. (*Thomas v. Lally, supra.*)

"While it is true that a *scire facias* for the purpose of obtaining execution is ordinarily a judicial writ to continue the effect of the former judgment, yet it is in the nature of an action because the defendant may plead to it; and in many cases it has been classified as, in substance, a new action (citing many cases). . . . . In these cases it was ruled that *scire facias* on a judgment was not a mere continuation of a former suit but created a new right." . . . .

"A judgment upon a *scire facias* 'is in legal effect a new judgment, and the statute of limitations begins to run from its date anew.' . . . .

"The conclusion of the court upon the final hearing upon the *scire facias* is something more than an execution. It is a judgment. If so, then we are informed by the Constitution of the United States, and the act of Congress under it, what effect must be given to this judgment in Louisiana. It must have the same effect here that it has in the state of Mississippi."

---

[1] *Stewart v. Gibson,* 71 Mo. App. 232; *Schneider v. Maney,* 243 Mo. 36, 145 S. W. 823; *Franek v. Turner,* 164 La. 532, 114 So. 148.

This court has given a similar designation, *Leman v. Cunningham*, 12 Ida. 135, at page 142, 85 Pac. 212.

Under section 8-312, I. C. A., parties may interpose any defense they legitimately have and the final determination would be a final judgment as to the immediate purpose of the proceeding and such other matters as could in such proceedings be properly adjudicated. And the reviving judgment does not differ from other judgments. (*La Fitte v. Salisbury*, 43 Colo. 248, 95 Pac. 1065, 1066; *Tod v. Kuykendall*, (Colo.) 206 Fed. 482.)

The last phrase in section 8-312, I. C. A., "and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more," indicates the legislature itself considered the determination of such proceedings a "judgment."

We therefore consider that the final decree under section 8-312, I. C. A., is a judgment, not an order, and the appeal was in time.

California has held that their section 708, Code Civ. Proc., identical with and from which state we took section 8-312, I. C. A., should be liberally construed (*Heine Piano Co. v. Bloomer*, 183 Cal. 398, 191 Pac. 900; *Cross v. Zane*, 47 Cal. 602; *Hitchcock v. Caruthers*, 100 Cal. 100, 34 Pac. 627; *Merguire v. O'Donnell*, 139 Cal. 6, 72 Pac. 337, 96 Am. St. 91) ; and that the applicable statute of limitations was section 343, Code Civ. Proc.; section 5-224, I. C. A. (*Merguire v. O'Donnell, supra*), which ruling, though, held *dictum* in *Doehla v. Phillips*, 151 Cal. 488, 91 Pac. 330, 333, was not overruled.

In *Cantwell v. McPherson, supra,* the counsel conceded that section 4054, R. S., now section 5-218, I. C. A., applied, and the court did not consider the point; hence is not in conflict with *Merguire v. O'Donnell, supra*.

In *Evans v. City of American Falls, supra,* section 8-312, I. C. A., was in effect held merely declaratory of the previous law, therefore it does not create a statutory liability (*Churchill v. Pacific Imp. Co.*, 96 Cal. 490, 31 Pac. 560),

and the trial court correctly applied the four-year statute of limitations, or section 5–224, I. C. A.

Judgment affirmed; costs to respondent.

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.

Petition for rehearing denied.