[L. A. No. 17892. In Bank.—Sept. 22, 1941.]

MARION P. BETTY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Marion P. Betty, *in pro. per.,* and Porter C. Blackburn for Petitioner.

Benjamin Chipkin for Respondents.

EDMONDS, J.—In this proceeding an alternative writ of mandate was granted upon a showing that the superior court had refused to direct its clerk to issue an execution upon a judgment. The question for decision concerns the time within which a judgment, which has been revived under the provisions of section 708 of the Code of Civil Procedure, "has the same force and effect" as the original one.

The judgment in controversy was rendered September 20, 1932, in an action brought by Lorn H. Betty. It provided that the plaintiff should have a lien upon certain property and directed that execution issue accordingly. Thereafter, the property was sold by the sheriff, and, upon his return, it was fully satisfied of record. On August 24, 1937, the superior court granted plaintiff's motion to revive the judg-

ment upon the ground that the sheriff's sale was void. The plaintiff then assigned it to M. Potter who, upon the refusal of the county clerk to issue execution, on January 6, 1941, moved the superior court for an order directing him to do so. This motion was denied. Later Potter assigned the judgment to petitioner.

It is the petitioner's contention that the order of August 24, 1937, revived the judgment for a period of five years from that date. The respondents assert that he is not entitled to a writ of mandate because he has a remedy by appeal; that he has not exhausted his remedies because he did not apply to the superior court for an order directing a writ of execution to issue after his assignor's motion was denied; and that, more than five years having elapsed since the judgment was entered, he may obtain execution only upon motion made in accordance with the requirements of section 685 of the Code of Civil Procedure.

Section 708 of the Code of Civil Procedure provides that, under stated circumstances, the superior court must, upon motion, revive a judgment, "and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more." The rights of litigants under this section have been considered and passed upon a number of times (see *Heine Piano Co.* v. *Bloomer,* 183 Cal. 398 [191 Pac. 900] and cases cited), but the question which is determinative of the present controversy has not been decided. However, it has been held that the section is remedial in character and should be liberally construed (*Hitchcock* v. *Caruthers,* 100 Cal. 100, 102 [34 Pac. 627]; *Cross* v. *Zane,* 47 Cal. 602); also, that it provides a remedy as broad as an action in equity which may be invoked by a judgment creditor more than five years after the date of the judgment. (*Merguire* v. *O'Donnell,* 139 Cal. 6 [72 Pac. 337, 96 Am. St. Rep. 91].) The petitioner's contention is supported by these holdings, for if the order of revival makes the judgment effective only from the date it was originally entered, then the creditor has not received that equitable consideration which the statute contemplates but has been penalized for a lapse of time occasioned without his fault.

Unquestionably, the purpose of the code section is to restore a creditor, whose judgment has been satisfied of record because of an error of law which has deprived him

of the property applied to its payment, to the position he occupied before the void execution sale. This purpose is effected by making up to him the time taken in the fruitless endeavor to secure payment of the judgment; the revived judgment is given the same force and effect as the original judgment "of the date of the revival," that is, the same force and effect as the judgment would have had if entered upon the date the order of revival was made in so far as execution thereon is concerned. A statute with the same purpose is section 681 of the Code of Civil Procedure, which protects the rights of the judgment creditor in the event that the issuance of execution is stayed or enjoined by operation of law or order of court. Under such circumstances, the time during which the judgment could not be enforced "must be excluded from the computation of the five years within which execution may issue."

The respondents lay great stress upon the words "and no more" which conclude the section, arguing that they limit the time within which the revived judgment has the same force and effect as the original one to five years from the date the judgment was originally entered. That construction ignores the much more specific words "of the date of the revival." Moreover, section 708 is a codification of the Practice Act which provided that "when so revived, the said judgment shall have the same effect as an original judgment of the said court of that date." The legislature could have been more explicit, but both the purpose and grammatical construction of the code provision compel the conclusion that, upon the revival of his judgment, the creditor is entitled to a writ of execution within five years thereafter as a matter of right.

The granting or refusal of a writ of mandate is not altogether a matter of right. A determination rests, to a considerable extent, in the discretion of the court to which application therefor is made (*Silver B. Co.* v. *State Bd. of Education,* 36 Cal. App. (2d) 714 [98 Pac. (2d) 533]) and a conclusion should be reached which will promote justice. In the present case, the petitioner has shown that the respondents have refused to perform a clear legal duty not involving the exercise of any discretion. Under such circumstances, the writ should issue. (*Lindsay Strathmore*

*Irrigation District* v. *Superior Court,* 121 Cal. App. 606 [9 Pac. (2d) 579].)

█ The fact that the petitioner might have obtained an order directing a writ of execution to issue upon an affidavit showing facts sufficient to authorize the court to act under the provisions of section 685 of the Code of Civil Procedure is not a bar to this proceeding. If five years have not elapsed since the judgment was entered, considering the effect of the order reviving it, then the petitioner may not be required to follow the procedure authorized to carry a judgment into effect after that time has passed. Also, the order denying the motion of the petitioner's assignor was made for reasons which are not affected by the assignment, and a renewal of this motion by the petitioner would again present the same question to the court which had once decided it.

A peremptory writ of mandate will issue accordingly.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.,* concurred.

Respondents' petition for a rehearing was denied October 20, 1941.