[Civ. No. 4418. Fourth Dist. Dec. 18, 1951.]

WALTER GOULD LINCOLN, Respondent, v. W. F. DREHER, Appellant.

Oliver O. Clark and Jack R. Mills for Appellant.

Walter Gould Lincoln, in pro. per., for Respondent.

GRIFFIN, J.—On May 5, 1932, plaintiff and respondent recovered a money judgment in the sum of $6,101 plus costs, against defendant and appellant Dreher and the Fairview Farms Company, of which Dreher was president, and against certain other named defendants.

Within a few days thereafter, Dreher waived his right to move for a new trial and to appeal from the judgment. On June 7, 1932, Dreher signed two affidavits, which were prepared by Lincoln, to obtain the immediate appointment of a receiver for Dreher's cojudgment debtors. Apparently, plaintiff forthwith obtained an execution on that judgment and levied upon certain lands claimed to be owned by the named defendants. Plaintiff obtained a sheriff's deed of sale dated October 3, 1932. At the sale, he bid in the property for approximately $3,500, which amount was credited on this judgment, satisfying the judgment to that extent, leaving a balance of approximately $2,800, which partially satisfied judgment remained on the records of the court until July 24, 1950.

On that date, 18 years after the execution sale, Lincoln, upon his *ex parte application and without notice* to any judgment debtor, applied for and obtained, in another department, an order of the court which recites that,—It appearing from the affidavit of Lincoln that no defendant had any right or title to the property sold by the sheriff, and that Lincoln received nothing as consideration for his credit, it is ordered that the sale by the sheriff and the credit given is "annuled" and the judgment dated May 5, 1932, and duly recorded in book 39 of judgments "shall forthwith and hereafter be in full force and effect as if no credit had been given thereon."

By the terms of the order it does, in effect, restore and revive the judgment to its original condition, as of the date of the credit. This order was based upon a showing by plaintiff that in an action by him seeking to quiet his title to the land involved in the sheriff's deed, the court held his sheriff's deed to be ineffective and inferior to a deed of trust previously executed on the same property.

On September 21, 1950, upon the ex parte application of plaintiff, he obtained an order directing Dreher to show cause why an execution upon the original judgment against him, in the full amount plus interest and costs, all totaling in excess of $14,000 should not be issued, and directing that he personally appear and be examined under oath in supplementary proceedings concerning his property. It purportedly restrained Dreher from thereafter dealing in any manner with his real and personal property. After a protracted hearing in which defendant submitted 20 affidavits and certain exhibits of record, and in which plaintiff submitted 10 affidavits, including certain other records, the court made findings

and entered its order directing the writ of execution to issue in the full amount of the judgment, as indicated in the order to show cause, and ordered defendant's appearance for examination as the judgment debtor.

The questions stated and objections urged by defendant at the hearings and on this appeal are these: (1) Is the order of July 24, 1950, which purports to vacate the credit of October 1, 1932, and to revive the judgment in its full amount, void because made without notice? (2) Does the evidence support the findings of the trial court that Lincoln did not agree, in 1932, to forbear the enforcement of this judgment against Dreher? (3) Did Lincoln's conduct during the first five-year period following the judgment constitute the diligence required of him, and if not, does his negligence during that period nullify the order here appealed from? (4) Did Lincoln's conduct during the last 13 of the 18 years that elapsed since the entry of the judgment constitute the diligence required of him? and (5) Would it now be inequitable to enforce the judgment against Dreher?

We will first discuss the question of the validity of the order allowing the credit on the judgment and the order reviving or reinstating the former judgment in its full amount, plus interest thereon. The record shows that Lincoln obtained the judgment involved in May, 1932. He immediately levied upon certain property in which all defendants had an interest and purchased such interest as may have passed by the sheriff's sale for approximately $3,500, and the judgment was, accordingly, reduced and partially satisfied. The judgment, as thus reduced, remained of record until July, 1950, at which time plaintiff endeavored to have the judgment in the original amount revived by reason of an ex parte application. The application was made and the order was admittedly obtained *without notice to the parties concerned,* which parties included not only the defendant Dreher but the Fairview Farms Company and others.

Section 708 of the Code of Civil Procedure provides in part:

". . . If the purchaser of property at sheriff's sale, or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale, *or because the property sold was not subject to execution and sale,* the court having jurisdiction thereof must, *after notice and on motion of such party in interest,* or his attorney, revive the original judgment in the name of the petitioner, for the

amount paid by such purchaser at the sale, with interest thereon from the time of payment at the same rate that the original judgment bore; and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more." (Italics ours.)

■ Since notice of the application for a revival of the judgment in its full amount was admittedly not given, the order was unauthorized because of lack of jurisdiction of the court to enter it, which lack of jurisdiction appears in the record before us and which fact plaintiff fully admits in these proceedings.

Plaintiff argues that defendant is precluded from raising that question in this proceeding because he did not appeal from the order nor did he move to set it aside under section 473 of the Code of Civil Procedure within the time specified in that section.

In *Thompson* v. *Cook,* 20 Cal.2d 564 [127 P.2d 909], where a similar question arose, the court said, at page 569:

"As the motion to revive the judgment was made without notice to the defendants, the court was without jurisdiction to act thereon and the order granting said motion was void. . . .

"It is well settled in this state that a court has no power to set aside on motion a judgment or order not void on its face unless the motion is made within a reasonable time, and it has been definitely determined that such time will not extend beyond the limited time fixed by section 473 of the Code of Civil Procedure as at present in force. . . . However, to the rule just stated there is a well established exception which provides that although the judgment or order is valid on its face, if the party in favor of whom the judgment or order runs admits facts showing its invalidity, or, without objection on his part, evidence is admitted which clearly shows the existence of such facts, then it is the duty of the court to declare the judgment or order void." (See, also, *City of Los Angeles* v. *Morgan,* 105 Cal.App.2d 726 [234 P.2d 319].)

These proceedings fully attack the validity of the order reinstating the judgment in the full amount. ■ A proceeding to revive or to reinstate a judgment under the circumstances here related is authorized under section 708 of the Code of Civil Procedure, and apparently is not barred by the limitation specified in section 343 of the Code of Civil Procedure. (*Cross* v. *Zane,* 47 Cal. 602; *Sullivan* v. *Wellborn,*

32 Cal.2d 214, 217 [195 P.2d 787]; *Doehla* v. *Phillips,* 151 Cal. 488 [91 P. 330]; 15 Cal.Jur. p. 257, § 257. But see dicta in *Merguire* v. *O'Donnell,* 139 Cal. 6 [72 P. 337, 96 Am. St.Rep. 91].)

The record discloses that plaintiff brought a quiet title action on his sheriff's deed not only against defendants Dreher, and Fairview Farms Company, but also against several of the companies with which Dreher was connected and also against the Vitruvian Corporation, holder of a trust deed, and also against other named defendants numbering in excess of one hundred. Many of these named defendants were personally served and plaintiff took default judgment against them, wherein the court found that insofar as they were concerned, plaintiff, since 1932, was the owner and entitled to the possession of the property described. As to the Vitruvian Corporation, which appeared by answer and cross-complaint, it found that certain portions of the property described in plaintiff's complaint were subject to said Vitruvian Corporation's trust deed and that its title was paramount to and prior to any asserted claim of the plaintiff.

Plaintiff Lincoln had the burden of showing that there was not partial satisfaction of the judgment. Defendant Dreher should have had the right and opportunity to prove, as a matter of fact, that the judgment was partially satisfied by virtue of the sale. We conclude that the order which, in effect, revived and reinstated the former judgment in its full amount, was void for the reason stated and that the order directing an execution in that amount, plus accumulated interest, was unauthorized.

Since the showing made by plaintiff as to his claimed exercise of due diligence during the past 18 years, and defendant's showing of a claimed agreement of forbearance and of his claimed ability to respond to an execution issued against his property during that period had one been issued, were apparently predicated upon a claimed judgment for $6,101.50, plus interest thereon in the amount stated, and since the showings made as to due diligence were unsatisfactory in so many respects, all of the issues presented should be retried in the light of any order that may be subsequently made by the trial court in this connection.

Order directing that execution issue in the amount claimed is reversed.

Barnard, P. J., and Mussell, J. concurred.